Ruben HERNANDEZ, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20884.

United States Court of Appeals
Ninth Circuit.

Dec. 14, 1966.

**172**

Frank Duncan, Los Angeles, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Chief Asst. U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Burt S. Pines, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and KOELSCH, Circuit Judges, and THOMPSON, District Judge.

KOELSCH, Circuit Judge.

Appellant was found guilty by a jury of the crime of concealing and facilitating the transportation and concealment of heroin (21 U.S.C. § 174) as charged in a one count indictment.

On this appeal he does not dispute the fact that at the time of his arrest for drunken driving the officers, pursuant to the incidental search of his automobile, discovered several packages containing heroin beneath the front seat. His sole assignment is that the trial judge erred in permitting the government on its case in chief to introduce evidence, over objection, that approximately five months earlier heroin similarly packaged was found in the trunk of his automobile under the floor mat.

██ The statute renders unlawful the concealment etc. of heroin known to have been unlawfully imported into the United States and makes proof of possession of the drug sufficient evidence to authorize a conviction unless the defendant explains the possession to the satisfaction of the jury. Here the evidence was admitted, under the judge's limiting instruction to the jury, solely upon the issue of defendant's knowledge and intent on the crime charged. In presenting its case, the government relied upon the statutory presumption and was thus obliged to establish that the possession was a knowing one. Evans v. United States, 257 F.2d 121 (9th Cir. 1958), cert. denied, 358 U.S. 866, 79 S.Ct. 98, 3 L.Ed.2d 99 (1958). That this evidence was susceptible of such an inference can hardly be questioned for the automobile belonged to the defendant, had been recently operated by him, and was subject to his control. Thus, in Eason v. United States, 281 F.2d 818, 820 (9th Cir. 1960), this court quoted with approval the following language contained in Evans, 257 F.2d at p. 128: "[p]roof that one had exclusive control and dominion over property on or in which contraband narcotics are found is a potent circumstance tending to prove knowledge of the presence of such narcotics, and control thereof."

The earlier incident was wholly unconnected with the crime charged and should not have been disclosed if it tended to prove nothing more than the defendant's bad character. Enriquez v. United States, 314 F.2d 703 (9th Cir. 1963). However, it was probative on the issue of knowledge of the defendant in connection with the crime here for it increased the probability that it was he who had put the narcotics in the car. Reid v. United States, 334 F.2d 915 (9 Cir. 1964); 2 Wigmore, Evidence § 301, at 193 (3d ed. 1940).

██ Nor was the evidence rendered inadmissible under the doctrine of res judicata because of the defendant's acquittal of a similar charge involving this same evidence. We are fully aware that "[t]hat doctrine applies to criminal as well as civil proceedings (citations omitted) and operates to conclude those matters in issue which the verdict deter-

mined though the offenses be different." Sealfon v. United States, 332 U.S. 575, 578, 68 S.Ct. 237, 239, 92 L.Ed. 180 (1948). But this record discloses nothing more than the fact of acquittal. That verdict was general and there is no way to ascertain its basis. As was well said long ago by the California Supreme Court:

"In order to render the verdict and judgment of not guilty upon the draft offered in evidence conclusive upon the facts which the prosecution sought to prove for the purpose of showing guilty knowledge, it must appear with certainty from the evidence offered in support of the alleged estoppel that those facts were directly and necessarily found by the verdict in that case in favor of the defendant; or, in other words, that the jury could not have found the verdict which they did without having passed directly upon the facts offered to be proved and found them against the prosecution; for if it be doubtful upon which of several points the verdict was founded, it will not be an estoppel as to either. * * No evidence as to the estoppel, either by the record or by parol, was offered and the whole question as to what facts were directly determined in the first case is to be determined upon the bald admission of the District Attorney that the defendant had been indicted for forging the endorsement upon the draft in question and for uttering the draft knowing the endorsement to be forged and that he had been tried upon such indictment and found not guilty by the jury. * * * "

People v. Frank, 28 Cal. 507 (1865); accord, State v. Lucken, 129 Minn. 402, 152 N.W. 769 (1915); Taylor v. State, 174 Ga. 52, 162 S.E. 504 (1931); State v. Heaton, 56 N.D. 357, 217 N.W. 531 (1927). See also, Annot. 86 A.L.R.2d 1132 (1962).[1]

State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R.2d 1120 (1960), a case heavily relied upon by the defendant, is not contrary to these views. The Arizona Supreme Court did not decide that an acquittal would necessarily make proof of a prior criminal act inadmissible on the ground of a supposed estoppel.[2] Rather, that court concluded such evidence was so unduly prejudicial that its admission was manifestly unfair to the defendant.

■■ The rule in the federal courts is well settled that "[t]rial judges have a measure of discretion in allowing testimony which discloses the purpose, knowledge, or design of a particular person." Glasser v. United States, 315 U.S. 60, 81, 62 S.Ct. 457, 470, 86 L.Ed. 680 (1942).[3]

1. In Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237 (1948) the complete record in the prior case was brought up. It unmistakably showed that the "core of the prosecutor's case was in each case the same" and that the particular fact on which the conviction in the second case rested had been determined in the prior case against the prosecution.

2. We are not altogether clear whether Little holds an acquittal precludes such proof in every case. If it does, we disagree.

3. The A.L.I. Model Code of Evidence formulates in these words the test to be employed by the trial judge:
"Rule 303. Discretion of Judge to exclude Admissible Evidence.
(1) The judge may in his discretion exclude evidence if he finds that its probative value is outweighed by the risk that its admission will (a) necessitate undue consumption of time, or
(b) create substantial danger of undue prejudice or of confusing the issues or of misleading the jury, or
(c) unfairly surprise a party who has not had reasonable ground to anticipate that such evidence would be offered * * *."
We note that in Little the questioned evidence had only slight value. Indeed the court earlier in the opinion had held it inadmissible without reference to the matter of acquittal, because the proof was admitted for the purpose of showing the instant sale was part of a scheme or plan and that "for all that appears in the record the alleged prior sales were unrelated to each other and to the instant sale." On that basis alone the admission was error.

And we perceive no compelling reason to engraft upon this rule a limitation that would prevent the introduction of such evidence in any instance simply because of the added factor of acquittal. To the contrary, we believe that despite the acquittal the matter of admission or rejection is and should be addressed to the sound discretion of the trial judge, thus fostering the policy which favors the admission of evidence while at the same time protecting the defendant in instances where the trial judge errs.

In this case the conclusion of the trial judge concerning the relevancy of the evidence, together with his repeated instruction limiting its admissibility to the jury, was not an abuse of discretion.

The judgment is affirmed.