**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joaquin CASTRO–CASTRO, Defendant-**
**Appellant.**

**No. 71-1682.**

United States Court of Appeals,
Ninth Circuit.

July 6, 1972.

Rehearing and Rehearing En Banc
Denied Sept. 11, 1972.

Ely, Circuit Judge, dissented and
filed an opinion.

Philip A. De Massa (argued), San
Diego, Cal., for defendant-appellant.

Shelby Gott, Asst. U. S. Atty.
(argued), Howard B. Frank, Robert H.
Filsinger, Asst. U. S. Attys., Harry D.
Steward, U. S. Atty., San Diego, Cal.,
for plaintiff-appellee.

Before MERRILL and ELY, Circuit
Judges, and GRAY,* District Judge.

GRAY, District Judge:

This is an appeal from the conviction
of the appellant of the offense of having
smuggled 155 pounds of marijuana into
the United States from Mexico, in viola-
tion of 21 U.S.C. § 176a. We affirm.

The evidence at the trial was undis-
puted that on October 3, 1970, the de-
fendant, a resident of Mexico, sought to
enter California as the driver and sole
occupant of a 1965 Ford automobile.
Inspection by Customs officials revealed
71 packages of marijuana that had been
concealed in compartments located under
the front fenders of the car. The de-
fendant was arrested and this prosecu-
tion followed.

* William P. Gray, United States District Judge, Central District of California, sitting by des-
ignation.

The defendant stated to the arresting officers, and later testified at the trial, that on the night before his arrest he had encountered one Fuan Hernandez in a bar in Mexicali, Mexico. The latter offered to drive him to Los Angeles and help him find work, but later proposed that they make the journey in separate cars, the defendant to operate a 1965 Ford that Fuan referred to as belonging to his cousin, and which he was obliged to transport to Los Angeles. According to the defendant, he accepted this proposal as an accommodation to Fuan, who paid him $20.00 to cover the expenses of the trip. The defendant denied any knowledge of the marijuana that was later found in the vehicle.

At the trial, as part of its case in chief, the Government was permitted to present evidence to establish that on a prior occasion, on September 15, 1967, the defendant was arrested at the Mexico-United States border when 237 kilos of marijuana were discovered in the side panels and under the bed of the pickup truck that he had sought to drive into California. On that occasion he stated, and later testified, that a man that he did not know offered to pay him $60.00 to drive the subject car into California, and that he was unaware that it contained the contraband. The ensuing prosecution of the defendant resulted in a verdict of not guilty.

In allowing the evidence with respect to the 1967 incident, the trial judge carefully instructed the jury that it was admissible only on the issue of intent, and that it could be considered solely for the purpose of determining whether the defendant on the occasion here concerned had acted wilfully or innocently.

There can be no doubt that the challenged evidence was prejudicial to the defendant and that its admission created the possibility that, despite the court's admonition, the jury might give it a broader significance than that for which it was properly received.

However, it is equally obvious that the evidence was highly relevant to the Government's task of proving the element of specific intent, a burden that often is very difficult in the frequently occurring cases of this kind. Even assuming, as we must, that the defendant was an innocent victim on the first occasion, the jury could reasonably conclude that an innocent person is not likely to allow himself to be trapped a second time in an almost identical manner.

The trial judge pondered this dilemma, and, in resolving the issue, placed reliance upon the decision of this court in Hernandez v. United States, 370 F.2d 171 (9th Cir. 1966). There, in affirming a conviction that took place under circumstances very similar to those here concerned, the opinion (by Judge Koelsch) concluded as follows:

"The rule in the federal courts is well settled that '[t]rial judges have a measure of discretion in allowing testimony which discloses the purpose, knowledge, or design of a particular person.' Glasser v. United States, 315 U.S. 60, 81, 62 S.Ct. 457, 470, 86 L. Ed. 680 (1942). And we perceive no compelling reason to engraft upon this rule a limitation that would prevent the introduction of such evidence in any instance simply because of the added factor of acquittal. To the contrary, we believe that despite the acquittal the matter of admission or rejection is and should be addressed to the sound discretion of the trial judge, thus fostering the policy which favors the admission of evidence while at the same time protecting the defendant in instances where the trial judge errs.

"In this case the conclusion of the trial judge concerning the relevancy of the evidence, together with his repeated instruction limiting its admissibility to the jury, was not an abuse of discretion." (370 F.2d at 173–174)

We believe the last quoted paragraph to be equally applicable here.

The judgment is affirmed.

ELY, Circuit Judge (dissenting):

I respectfully dissent. The declaration by a federal court of one's inno-

cence is employed by the prosecution, over objection, as evidence of his guilt of a later crime. Such a procedure is subversive of the whole judicial process, and, the majority's resolution of the issue is, to say the least, unprecedented and indefensible. The fact that Castro-Castro was previously tried and acquitted of the alleged offense in 1967 should compel the conclusion that the evidence concerning it should have been excluded. The prejudicial effect of the evidence is fully demonstrated by the reasoning employed by the majority, and when such a degree of prejudice inheres in inadmissible evidence, reversal is required. *See,* *e. g.,* Fahy v. Connecticut, 375 U.S. 85, 86–87, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963).

The principal basis for my view is that which I perceive as an important limitation upon the use of evidence intended to prove a common plan, motive or intent. The doctrine of collateral estoppel in some instances precludes—and in most instances should preclude—the prosecution from relitigating such acts of an accused as were previously the focus of a criminal prosecution. *See* Ashe v. Swenson, 397 U.S. 436, 443–45, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); Sealfon v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948); Hernandez v. United States, 370 F.2d 171 (9th Cir. 1966).

The supposed relevance of evidence tending to show a common intent is twofold. The evidence may bolster two inferences concerning intent. On the one hand, the jury is supposed to note the obvious—that it is perhaps strange or improbable that any person would unknowingly be involved in two similar acts that might be criminal. On the other hand, the jury can use the evidence as a basis for a more significant conclusion, that the accused had the

requisite criminal intent at the time of the earlier incident, but was acquitted for other reasons. From that finding, the jury can, of course, infer that the defendant had a similarly evil intent during the commission of the act giving rise to the later prosecution.

In the usual case, there is no barrier to prohibit a jury from drawing both inferences. When, however, the prior act was the basis of a criminal prosecution which ended in acquittal, it seems undeniable to me that the latter, more critical, inference should be foreclosed. This is especially true when, as is the case here, the issue to which the evidence relates is, in both proceedings, identical. Apparently, the only significant controversy at the 1967 trial was whether Castro-Castro intended to smuggle the contraband which was discovered in a truck that he was then driving. By the acquittal verdict, it was conclusively determined that he did not. Nevertheless, the prosecution, in the present case, successfully undertook to prove [*i. e.,* to lead the jury to infer] that Castro-Castro did have the illegal intent in 1967. This degraded the prior judicial proceedings, and I submit that the Government should have been "precluded under the doctrine of collateral estoppel from [proving] a fact that [it] sought unsuccessfully to prove in a prior action." Yates v. United States, 354 U.S. 298, 335–36, 77 S.Ct. 1064, 1085, 1 L.Ed.2d 1356 (1957); Sealfon v. United States, *supra.*[1]

Evidence of the 1967 incident was, then, of only very limited relevance. Its probative value was restricted to support for the less important of the two possible inferences. The jury was, however, never informed of this strict limitation upon its value; it was given virtually unfettered discretion to interpret and utilize the evidence concerning Cas-

---

1. Of course the majority of cases in which the collateral estoppel doctrine is applicable involves the use of evidence, previously rejected as inadequate, as direct proof of an element of a crime. I cannot see that the doctrine should be less applicable when such evidence is employed in a more sophisticated manner, as indirect evidence of criminal intent. Although the prejudice to the defendant may be less blatant in the latter situation, it is of equal magnitude.

tro-Castro's 1967 arrest.[2] I cannot say with any certainty that the jury did not misuse that strongly prejudicial evidence—certainly nothing my Brothers say convinces me that it was properly employed. I would reverse.[3]

---

2. The jury was instructed that:

"[You] may consider evidence as to the alleged earlier act of a like nature in determining the state of mind or intent with which the accused did the act charged [in this case], and where proof of an alleged earlier act of a like nature is established by evidence which is clear and conclusive, the jury may, but it is not obligated to, draw the inference and find that in doing the act charged [here] the accused acted willfully and with specific intent . . . ."

3. Even if a proper limiting instruction had been given, I would continue to entertain grave doubts as to the admissibility of the prior acquittal. The prejudicial effect of such evidence is probably less than that which attaches to evidence of a prior conviction, but even my brother judges seem to draw from the evidence the same prejudicial inference which the prosecution urged upon the jurors. The evidence doubtless raised the spectre of a defendant who had previously thwarted justice. If the prosecution may introduce evidence of a prior acquittal, then may not the accused attempt to prove that the prior acquittal was justified, even if to do so requires, in effect, that the first case be retried *in toto*? Here, the government is given a second chance to prove something that it had previously been unable, in a trial, to demonstrate. *See generally* United States v. Burkhart, 458 F.2d 201 (10th Cir. 1972).