UNITED STATES of America,
Plaintiff-Appellee,

v.

Alfred Barton ROCHA,
Defendant-Appellant.

No. 76–3572.

United States Court of Appeals,
Ninth Circuit.

May 5, 1977.

Tom O'Toole, Federal Public Defender, Bernardo P. Velasco, Asst. Federal Public Defender, argued, Tucson, Ariz., for defendant-appellant.

U. S. Atty. William C. Smitherman, Eugene R. Bracamonte, Asst. U. S. Atty., argued, Tucson, Ariz., for plaintiff-appellee.

Before CARTER, TRASK and KENNEDY, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury for possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He argues on appeal that the district court erred in admitting evidence of a prior arrest for marijuana possession of which he was acquitted. We disagree and therefore affirm.

On August 5, 1976, appellant entered the United States from Mexico driving a Chevrolet van. Appellant was observed driving off onto a dirt road and going to an area where he loaded some sacks into the van. A subsequent search of the van revealed that these sacks contained 231 pounds of marijuana.

Appellant had been arrested in April 1976 for transportation of marijuana. At the trial of that charge, appellant testified that he thought he was moving a load of furni-

ture for which he would be paid $20.00, but denied knowing the contents of the truck. The jury acquitted him.

Appellant was tried on the present charge in October 1976. At that time the attorneys for the government and appellant stipulated that the evidence of the prior arrest was not to be admitted. The jury was unable to reach a verdict, and a mistrial resulted.

At the second trial, the government introduced evidence of the prior arrest, over appellant's objection, as part of its case in chief. Appellant re-explained the first arrest. He also related how he had accidentally found the marijuana in the present case and had picked it up in his van in order to turn it over to authorities and clear his name and record. The jury returned a verdict of guilty at this second trial and appellant was sentenced to a term of four years. This appeal followed.

Rule 404(b) of the Federal Rules of Evidence provides:

> "Evidence of other crimes, wrongs, or acts is not admissable to prove the character of a person in order to show he acted in conformity therewith. It may, however, be admissable for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

This rule codifies prior case law. *See Parker v. United States*, 400 F.2d 248, 252 (9 Cir.), *cert. denied*, 393 U.S. 1097, 89 S.Ct. 892, 21 L.Ed.2d 789 (1968).

The rule represents one of inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove *only* criminal disposition. *United States v. Riggins*, 539 F.2d 682, 683 (9 Cir. 1976). The question on appeal is whether the district court abused its discretion when it decided that the tendency of the evidence in question to prove the essential elements of knowledge and intent outweighed its potential prejudice. *United States v. Perez*, 491 F.2d 167, 172 (9 Cir.), *cert. denied*, 419 U.S. 858, 95 S.Ct. 106, 42 L.Ed.2d 92 (1974).

This case is nearly identical to *United States v. Castro*, 464 F.2d 336 (9 Cir. 1972), *cert. denied*, 410 U.S. 916, 93 S.Ct. 971, 35 L.Ed.2d 278 (1973). Appellant in that case was arrested for importation of marijuana. At trial, the government introduced evidence of a prior arrest and acquittal for importation of marijuana. In both trials, the defendant claimed to be driving the vehicle containing the marijuana for money, but denied knowing about the contraband. He was convicted in the second trial.

This court affirmed. It concluded that the relevance and probative value of the evidence of the prior event, to show knowledge and intent, outweighed the admittedly prejudicial impact of its introduction. Hence the court found no abuse of discretion by the district court. 464 F.2d at 337. We agree with this conclusion. *See also Hernandez v. United States*, 370 F.2d 171, 173–74 (9 Cir. 1966).

Appellant argues that this case is different because he changed his defense at the second trial, while in *Castro* the defendant used the same story in both trials. We do not believe the inventiveness of a defendant makes any difference. The fact which was the most relevant to the issues of knowledge and intent was the possession of marijuana in both cases, not the fact appellant gave a certain story at the time of his arrest. Appellant's possession of marijuana in the prior case clearly tended to show that he knew about the marijuana in the present case and had an illegal intent.

The trial judge gave a carefully worded cautionary instruction limiting the purpose for which the evidence of the prior arrest might be considered. This minimized the prejudicial effect of this evidence. Under these circumstances, we see no reason to restrict *Castro* to its facts alone.

The judgment of the district court is AFFIRMED.