**UNITED STATES of America, Appellee,**

v.

**Jack SIGAL, Appellant.**

**No. 77–2073.**

United States Court of Appeals,
Ninth Circuit.

March 30, 1978.

Before ELY, TRASK and ANDERSON, Circuit Judges.

ELY, Circuit Judge:

Appellant Jack Sigal was charged, in a one-count indictment, along with co-conspirators Mayer and Baker, with conspiracy illegally to import marijuana and possess the same with intent to distribute it. 21 U.S.C. §§ 846 and 963. The alleged conspiracy involved a scheme by Sigal and Baker to transport marijuana from Mexico into the United States in small private aircraft. According to evidence presented at their jury trial, Sigal and Baker were the architects of the scheme and solicited Mayer to pilot the aircraft to be used in the smuggling enterprise. Mayer in turn sought to enlist the aid of other pilots in the venture. Through a former fellow employee of Mayer's, Mayer was placed in contact with another pilot with a reputed interest in such an operation. Unknown to Mayer, this pilot, known as "Mike," was, in reality, Special Agent Michael Moren of the Drug Enforcement Administration (D.E.A.). After agent Moren had become firmly ensconced in the operation and the conspiracy had progressed to an advanced stage, D.E.A. agents arrested Mayer. After his arrest, Mayer agreed to cooperate with the D.E.A. agents and furnish them with a complete statement. Baker and Sigal were subsequently arrested. Mayer pleaded guilty to the charges in the indictment and later testified for the prosecution in the trial of Baker and Sigal. Baker and Sigal were tried in September, 1976, and found guilty of all charges in the indictment.

Sigal now appeals from his conviction of conspiracy. He urges three grounds for reversal: (1) violation of his fifth amendment right against self-incrimination because of improper references by the prosecutor during closing argument to his failure to testify, (2) admission into evidence of a certified copy of a prior, 1972 indictment against Sigal and a certified copy of his conviction in 1973 on one of the two narcot-

Donald M. Re, Los Angeles, Cal., Maurice Harwick, Beverly Hills, Cal., for appellant.

Juan P. Robertson, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

ics offenses charged in that indictment, and (3) insufficiency of the evidence. We affirm.

■ Sigal argues that the prosecutor made two improper remarks during closing argument which constituted comments on Sigal's failure to testify.[1] The first comment referred to the defendants' failure to admit their guilt and plead prior to trial. It does not refer to Sigal's failure to testify directly, nor to a pre-trial assertion of his fifth amendment right to silence. Rather, it was made as part of the prosecutor's effort to bolster the credibility of the key prosecution witness, Mayer, a co-conspirator who had earlier pleaded guilty.[2] Read in

context, "the comments were not of such character that the jury would naturally and necessarily take them to be comments on the failure of the accused to testify." *United States v. Cornfeld*, 563 F.2d 967, 971 (9th Cir. 1977). *See Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

As to the second comment, the Government argues that, at most, it was a "slip of the tongue." In the immediately preceding portion of his closing argument, the prosecutor was attempting to point out the areas of the prosecution's case that the defense attorneys had avoided in their summation, ostensibly because of the unfavorable proof there.[3] Accordingly, the Government urges

---

1. The two disputed comments are:
 (1) "But the point is, ladies and gentlemen, that he (a codefendant who pled and testified for the prosecution), unlike the defendants Baker and Sigal, came forward before the trial and admitted his guilt. He came forward and he told us what he did."
 (2) "At the same time the defendants did not deny that Mr. Baker and Mr. Sigal were in charge of the ground portion of the conspiracy if there was such a portion."

2. The prosecution's attempt to bolster the credibility of its key witness, an admitted co-conspirator, was properly within the permissible scope of argument. *Orebo v. United States*, 293 F.2d 747, 749–50 (9th Cir. 1961).
 We reproduce below the full segment of the prosecutor's argument in which the challenged comments were made. The allegedly objectionable portions are emphasized.
 "Ladies and gentlemen, let's talk a minute about the witnesses that you have heard. Obviously the government's key witness was Mr. Mayer, one of the co-conspirators himself in this case. Now, ladies and gentlemen, I am not going to come here and say that Mr. Mayer was an angel. I'm not condoning what he did and I am not trying to down play his crime. *But the point is, ladies and gentlemen, that he, unlike the defendants Baker and Sigal, came forward before the trial and admitted his guilt.* He came forward and told us what he did. He did so without any promises or deals from the prosecutor or anyone. There were absolutely no deals made in this case.
 Mr. Mayer testified because he wanted to. He came forward and told you what he did. He is the best witness that the government could have put in this case because he, unlike in most cases whereas I said before where there is no direct proof, he was actually one of the co-conspirators. He participated in

those meetings. He participated in the planning."

3. The full segment of the prosecutor's argument, with the objectionable comments emphasized, is reproduced below:
 "Mr. Collins and Mr. Rimbach (defense attorneys) in their closing argument devote a considerable amount of their argument, of their discussion, to Mr. Mayer's recollection. Ladies and gentlemen, I submit to you that this time their approach throughout the argument, not only throughout the argument but throughout the entire trial, they did not talk about the facts, ladies and gentlemen. What did they talk about? Well, they talked about the defendant's criminal record. They talked about Mr. Mayer's criminal record. They talked about—they made a big deal out of the fact that Agent Moren destroyed his notes even though at the same time he typed up those notes he typed up the results of those notes. He made a big deal out of that, ladies and gentlemen, when there was no evidence that Agent Moren did anything improper. There was no evidence that this isn't what Agent Moren has always done when he typed up his notes. Yet they make a big deal out of this in this case.
 They talked about Mr. Mayer's motive for testifying. They talked about his previous record and his recollection. Ladies and gentlemen, I submit to you that this was a typical defense tactic. It is a typical defense tactic when they have a weak case. They were trying to side track you from the facts. The facts in this case are uncontradicted, ladies and gentlemen.
 Now, Mr. Rimbach and Mr. Collins, first of all they kind of tried to divide the conspiracy up into two. They talk about the aeronautical portion of the conspiracy. They talked to Mr. Mayer and they said that he was the one that had the expertise, he was the one that came up with the authorities. Well, ladies

that the reference to "defendant" was inadvertent and unintended, and that the prosecutor really meant "defense attorneys" instead. While this construction appears to be both logical and consistent when viewed in hindsight, the statement, taken at its objective face value, as we must assume the jury took it, constituted a comment on the failure of the defendants to testify, and thus was error of constitutional dimension. Automatic reversal of the conviction does not result, however, if the error can be said to have been harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The appropriate test was outlined in *Anderson v. Nelson*, 390 U.S. 523, 524, 88 S.Ct. 1133, 1134, 20 L.Ed.2d 81 (1968), wherein the Court stated that such a comment was reversible error when "such comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis of conviction, and where there is evidence that could have supported acquittal." Here, the comment was not extensive, there was minimal stress on any inference of guilt to be drawn by the jury from the silence, and there was no substantial evidence which supported an acquittal. *United States v. Parker*, 549 F.2d 1217, 1221 (9th Cir.), *cert. denied*, 430 U.S. 971, 97 S.Ct. 1659, 52 L.Ed.2d 365 (1977). The error was harmless.

Sigal also contends that the introduction into evidence of a certified copy of a 1972 indictment returned against him charging violations of 21 U.S.C. § 846 (the same charge as that involved here), and 21 U.S.C. § 841(a)(1) (possession of a controlled substance with intent to distribute), and a copy of the judgment of conviction rendered in 1973 on the second count, was improper. Fed.R.Evid. 404(b) provides that evidence of other crimes, while not admissible to prove criminal disposition, is admissible to prove motive, intent, knowledge, and other similar elements. In *United States v. Rocha*, 553 F.2d 615, 616 (9th Cir. 1977), we stated that "[t]he rule represents one of inclusion which admits evidence of other crimes or

acts relevant to an issue in the trial, except where it tends to prove *only* criminal disposition." (emphasis in original). Here, we cannot say that the evidence of prior criminal acts tended to prove only criminal disposition. It was also highly probative as to knowledge and intent, since much of Sigal's defense centered around the assertion that he was unaware of the conspiracy charged and was involved only by innocent proximity to the wrongdoers.

■ Sigal argues that even if the evidence were properly admissible under Rule 404, it nonetheless should have been excluded because of the possibility of unfair prejudice. Fed.R.Evid. 403 provides that evidence, even if relevant, may be excluded if its probative value is outweighed by the danger of unfair prejudice to the defendant. The determination of whether evidence should be admitted under this section is largely a matter of discretion for the trial judge. *United States v. Rocha, supra.* We have already noted that the evidence was highly probative. Moreover, the trial judge gave a cautionary instruction immediately after the introduction of the evidence, an instruction which properly delineated the purpose for which the jury could consider the evidence and minimized any intolerable prejudice to the appellant. In *United States v. Rocha, supra*, we held that evidence of a prior arrest as part of the prosecution's case in chief was proper and that no abuse of the trial judge's discretion had been shown. *See United States v. Castro-Castro*, 464 F.2d 336 (9th Cir. 1972), *cert. denied*, 410 U.S. 916, 93 S.Ct. 971, 35 L.Ed.2d 278 (1973); *United States v. Brown*, 562 F.2d 1144 (9th Cir. 1977). There was no abuse of discretion here. The admission of the challenged evidence was proper.

■ Sigal's last contention is that there was insufficient evidence upon which to base a conviction. He asserts that the sole evidence upon which his conviction was based was the testimony of Mayer, the co-

and gentlemen, the government isn't denying this. *At the same time the defendants did not deny that Mr. Baker and Mr. Sigal were*

*in charge of the ground portion of the conspiracy if there was such a portion."*

defendant who pleaded guilty prior to trial and testified for the prosecution.

It is well established in our court that the uncorroborated testimony of an accomplice is sufficient evidence upon which to base a conviction if the testimony "is not incredible or unsubstantial on its face." *United States v. Daniel*, 459 F.2d 1029, 1030 (9th Cir. 1972); *United States v. Fritts*, 505 F.2d 168, 169 (9th Cir. 1974), *cert. denied*, 420 U.S. 992, 95 S.Ct. 1428, 43 L.Ed.2d 673 (1975); *United States v. McSweaney*, 507 F.2d 298, 301 (9th Cir. 1974). Mayer testified that he was approached by Sigal and Baker and that they requested his help in flying a plane or obtaining another pilot to aid in their plans to import marijuana from Mexico. Viewing the record as a whole, we cannot find that this testimony was facially incredible or unsubstantial. In any event, Mayer's testimony was corroborated by the testimony of Moren, the D.E.A. agent who posed as a prospective pilot for the missions contemplated by the conspirators. Sigal's knowledge of, and connection with, the conspiracy were amply demonstrated. The evidence was sufficient to sustain the conviction.

The judgment of conviction must be, and the same hereby is,

AFFIRMED.