960 F.2d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Craig HILDENBRAND, Defendant-Appellant.
 No. 91-10227.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1991.
Decided April 17, 1992.
 
 Before HUG, CYNTHIA HOLCOMB HALL and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Steven Hildenbrand appeals his convictions for conspiracy to import marijuana and for aiding and abetting the illegal importation of marijuana. He cites as error the trial court's admission of Rule 404(b) other act evidence and alleges the evidence was insufficient to convict him.
 
 
 3
 * The trial court admitted evidence of marijuana found in Hildenbrand's house to show his knowledge that the substance imported in the package mailed from the Philippines was marijuana. The question of his knowing participation in the importing of a controlled substance is an element of a violation of 21 U.S.C. § 960. United States v. Flickinger, 573 F.2d 1349, 1359-60 (9th Cir.), cert. denied, 439 U.S. 836 (1978).
 
 
 4
 The possession of drugs can be proper Rule 404(b) other act evidence when we "cannot say the evidence of prior criminal acts tended to prove only criminal disposition." United States v. Sigal, 572 F.2d 1320, 1323 (9th Cir.1978). However, in admitting this evidence the trial court violated the controlling test:
 
 
 5
 We apply the following four-part test to determine whether evidence was properly admitted under Rule 404(b): (1) sufficient evidence must exist for the jury to find that the defendant committed the other acts; (2) the other acts must be introduced to prove a material issue in the case; (3) the other acts must not be too remote in time; and (4) if admitted to prove intent, the other acts must be similar to the offense charged.
 
 
 6
 United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.1991).
 
 
 7
 Under the first factor, the jury was not presented with any facts showing whether the marijuana was Hildenbrand's or whether he exercised dominion over it. The record disclosed that other people lived in the house and occasionally received mail there. His ex-in-laws were there on the day of the controlled delivery of the marijuana. There simply was no evidence from which the jury could conclude that the marijuana belonged to Hildenbrand. "[S]imilar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston v. United States, 485 U.S. 681, 689 (1988).
 
 
 8
 Under factor two, the evidence had no rational relevance to Hildenbrand's knowledge of what was in a package he had not yet received nor to any other elements comprising his offense. Furthermore, the probative value of the presence of a personal use amount of marijuana to a charge of importing five kilograms of marijuana is very tenuous.
 
 
 9
 For the jury to hear the evidence of the presence of marijuana in his house was unquestionably prejudicial to Hildenbrand. We conclude that these dangers substantially outweighed the probative value of the evidence and that it should have been excluded under Rule 403 as well.
 
 II
 
 10
 Nevertheless, we conclude that there was sufficient evidence to support Hildenbrand's conviction. The properly admitted evidence consisted of (1) a package from the Philippines containing five kilograms of marijuana addressed to an "Esteve Hildenbrent;" (2) the delivery of four or five large packages to Hildenbrand from APO's in the year prior to defendant's arrest; (3) correspondence between Hildenbrand and Peter Bertuglia, the alleged co-conspirator who lived on the military base from which the package was sent; and (4) an incriminating statement by defendant indicating that he knew of the box and that his name would not be on it.
 
 
 11
 While Hildenbrand received the postal receipt (containing the recipient's name and type of package) before his arrest, his statement, "my name is not on the box," does not preclude the possibility that he knew of the existence and contents of the box prior to obtaining the postal receipt. The sender's name and address were fictional; this fact makes it more likely that the misspelling of the recipient's name was deliberate, and that Hildenbrand knew the name would be incorrect before receiving the postal receipt. Viewing the evidence properly admitted against him in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988).
 
 III
 
 12
 Since the district court erred in admitting the Rule 404(b) evidence, which was prejudicial under Rule 403, the convictions must be reversed and the case remanded for new trial.
 
 
 13
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3