51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Wayne DICKERSON, Defendant-Appellant.
 No. 94-10274.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 17, 1995.
Decided March 29, 1995.
 
 Before: GOODWIN, CANBY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Former federal employee Gary Wayne Dickerson was charged under Title 18 U.S.C. Sec. 1920 with two counts of making a false statement on two disability compensation applications. Dickerson was convicted on both counts. Dickerson now claims that he is entitled to a judgment of acquittal because there was insufficient corroboration of his extrajudicial admissions to the federal investigator to sustain the convictions. Dickerson also claims that his convictions must be overturned because the district court violated Federal Rule of Evidence 608(b) by permitting the prosecution to impeach his testimony through extrinsic evidence.
 
 
 3
 We hold that there was sufficient corroborating evidence to sustain the convictions. However, we further hold that the district court erred by allowing the prosecution to impeach Dickerson through extrinsic evidence. Because the error was not harmless, the convictions must be reversed and remanded for a new trial.
 
 I.
 Sufficiency of the evidence
 
 4
 Because the evidence of Dickerson's guilt consists primarily of his own extrajudicial admission to Agent Lewis, the evidence is sufficient to sustain the convictions only if Dickerson's admission is adequately corroborated. United States v. Lopez-Alvarez, 970 F.2d 583, 589 (9th Cir.), cert. denied, 113 S.Ct. 504 (1992). To adequately corroborate Dickerson's admission, the government was required to introduce both (1) evidence to establish that the offense had occurred, and (2) evidence tending to establish the trustworthiness of the admission. Id. at 592. Evidence is adequate to satisfy the first requirement even though it would be insufficient to establish guilt in the absence of the admission. Id. And the very same evidence may go a long way toward satisfying the second requirement, because "[i]t tends to make the admission reliable, thus corroborating it...." Opper v. United States, 348 U.S. 84, 93 (1954); See United States v. Miller, 874 F.2d 1255, 1278 (9th Cir.1989) (independent evidence can "bolster the confession itself and thereby prove the offense 'through' the statements of the accused") (citations omitted); Lopez-Alvarez, 970 F.2d at 590 n. 7.
 
 
 5
 On a rental application dated April 14, 1993, and signed by Dickerson, Dickerson stated that during the previous two year period--in other words, since April 14, 1991--his occupation was "painter." The rental application corroborates his admission that he had worked as a painter during the time period covered in Count I, and is adequate to sustain the conviction.
 
 
 6
 The testimony of Mr. Simonian, Mr. Arnett, and Mr. and Mrs. Casillas corroborates Dickerson's admission that he worked in appliance sales and repair during the period covered by Count II. Dickerson points out that none specifically testified that Dickerson was involved in appliance sales and repair prior to October 21, 1992, the last date covered by Count II. However, their testimony tends to support Dickerson's admission, and "[i]t is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth." Opper, 348 U.S. at 93. The government adequately corroborated Dickerson's admission to sustain the conviction on Count II.
 
 II.
 
 7
 Improper impeachment through extrinsic evidence
 
 
 8
 After Dickerson had testified, the government sought to impeach Dickerson with extrinsic evidence in the form of rebuttal testimony on the ground that "credibility is the focal point of the case, the credibility of the defendant." The district court allowed the introduction of the rebuttal testimony "for the limited purpose of credibility, and because credibility has so significantly been placed in issue." The district court's ruling violated Fed.R.Evid. 608(b). See United States v. Green, 648 F.2d 587, 596 (9th Cir.1981); United States v. Bosley, 615 F.2d 1274, 1276-77 (9th Cir.1980).
 
 
 9
 Recognizing, perhaps for the first time on appeal, the apparent Rule 608(b) violation, the government's brief argues that the rebuttal testimony was independently admissible under Fed.R.Evid. 404(b). Rule 404(b) " 'is one of inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove only criminal disposition.' " Green, 648 F.2d at 591, quoting United States v. Rocha, 553 F.2d 615, 619 (9th Cir.1977) (emphasis in original). Where evidence of specific instances of conduct is relevant to a material issue in the case or to disproving a defense, and not solely to impeach credibility, the evidence is admissible under 404(b) notwithstanding Rule 608(b). United States v. Sanchez-Robles, 927 F.2d 1070, 1078 (9th Cir.1991).[1]
 
 
 10
 The government argues that the testimony of its rebuttal witnesses was admissible under Rule 404(b) as evidence of Dickerson's capacity to work. Dickerson was, after all, receiving disability compensation, and he testified on direct examination that he told Agent Lewis that he "couldn't work." Although Dickerson argues vigorously that by testifying that he "couldn't work," he meant only that he "hadn't worked," and that he never intended to imply any lack of physical capacity for work, a jury could reasonably infer that the phrase "couldn't work" meant "couldn't work" and that Dickerson meant what he said. If the jury had in fact been led to believe that Dickerson's disability was so severe as to make it impossible for him to work, they hardly could have found him guilty of lying when he stated on the applications that he had not been working. And so the government is correct to say that evidence of Dickerson's capacity to work was relevant proof that Dickerson had the capacity to commit the crimes for which he was charged.
 
 
 11
 The government's argument falters, however. Not because the rebuttal testimony was not admissible under 404(b)--it was--but because the rebuttal testimony was not admitted under 404(b)--expressly, it was not. The rebuttal testimony was offered and admitted solely for the purpose of impeaching Dickerson's credibility. Under the rule we laid out in Bosley, 615 F.2d at 1276, it is not possible to hold that the rebuttal testimony was admissible under Rule 404(b) for purposes of this appeal.[2]
 
 
 12
 In Bosley, the defendant was prosecuted for cocaine distribution. The defendant took the stand and denied the charges. On cross-examination, the government asked the defendant whether he had delivered cocaine to a character named Rhodes. The defendant said that he had not. On rebuttal, the government called Rhodes to the stand to testify that the defendant had indeed delivered cocaine to him on one occasion. The district court admitted the rebuttal testimony solely for the purpose of evaluating the defendant's credibility.
 
 
 13
 We held that the rebuttal testimony violated "the express provisions of Rule 608(b)." Id. We also held that Rule 404(b) could not, for purposes of appeal, provide an alternate ground for admitting the rebuttal testimony:
 
 
 14
 The trial court refused to admit the testimony as substantive evidence; rather, Rhode's testimony was admitted only for impeachment purposes, and the jury was so instructed. The balancing of prejudice and probative value is a matter for discretion for the trial court. The court's refusal to admit the testimony for substantive purposes was a reasonable exercise of discretion, and the application may not now form the basis for affirmance on appeal.
 
 
 15
 Id. at 1278. See United States v. DiMatteo, 716 F.2d 1361, 1367 (11th Cir.1983), vacated on other grounds, 469 U.S. 1101 (1985) ("Given the fact that the extrinsic evidence was admitted solely to attack the credibility of the witness, and the fact that Fed.R.Evid. 608(b) specifically prohibits such a use of extrinsic evidence, the trial court's ruling was in error.").
 
 
 16
 The admission of the government's rebuttal testimony was, therefore, error, and on this record we can hardly regard the error harmless. As in Bosley, the rebuttal evidence was "highly damaging to [Dickerson's] credibility as a witness, a critical factor in the trial." 615 F.2d at 1278. The government, as one would expect it to, seized on the issue of credibility in its closing argument:
 
 
 17
 So what we are reduced to, or what this case comes down to is an issue of credibility. Who do you believe? You have heard from Agent Lewis, you heard from the defendant. You heard from the defendant's wife, his son, his brother. You heard from our witnesses. We brought in rebuttal witnesses to testify. So let's just kind of call that in all together and decide, how do you weigh the credibility of all these people?
 
 
 18
 Having so argued, the government cannot seriously now claim that, more likely than not, the testimony of its four impeachment witnesses did not affect the verdict. United States v. Bradley, 5 F.3d 1317, 1322 (9th Cir.1993).
 
 III.
 Conclusion
 
 19
 The corroborating evidence was sufficient to sustain the convictions. However, the district court erred by allowing the government to impeach Dickerson through extrinsic evidence, and the error was not harmless. We therefore reverse the convictions and remand the case for a new trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Our holding that "404(b) evidence may be used for impeachment purposes," United States v. Gay, 967 F.2d 322, 328 (9th Cir.), cert. denied, 113 S.Ct. 359 (1992), assuredly does not mean that extrinsic evidence is admissible under Rule 404(b) if offered solely to impeach credibility--for that would eviscerate Rule 608(b)
 Gay permits cross-examination that relates to documents that are themselves extrinsic evidence. In Gay, the trial court permitted the prosecution to cross-examine the defendant concerning a civil injunction. We held that Rule 608(b) did not prohibit the use of the injunction, which was 404(b) evidence, "as an impeachment tool during cross-examination." 967 F.2d at 328. See United States v. Drake, 932 F.2d 861, 867 (10th Cir.1991) (trial court properly allowed cross-examination concerning school records); 28 Charles A. Wright & Victor J. Gold, Federal Practice & Procedure Sec. 6117 (1993).
 
 
 [2]
 Putting the rule in Bosley in the more familiar language of our rule for approaching evidentiary rulings assigned as error, we hold that Rule 404(b) is not a ground "fairly supported by the record." United States v. Becerra, 992 F.2d 960, 964 (9th Cir.1993)