116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone Eugene BAKER, Defendant-Appellant.
 No. 96-50512.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-96-00254-TJH-1; Terry J. Hatter, Jr., District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tyrone Eugene Baker appeals his jury trial conviction and sentence imposed for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and for possession of an unregistered firearm in violation of 28 U.S.C. § 5861. The district court sentenced Baker to 63 months imprisonment, to be followed by 3 years supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Baker contends the district court abused its discretion when it admitted into evidence a two year-old statement he made to an Alcohol, Tobacco and Firearms ("ATF") agent, that he intended to get a firearm as soon as his prior sentence of imprisonment ended. Specifically, Baker contends that the statement should have been excluded because it was too remote in time and irrelevant, and because the danger of unfair prejudice substantially outweighed the probative value of the statement. These contentions lack merit.
 
 
 4
 We review the district court's decision to admit evidence for an abuse of discretion. See United States v. Warren, 25 F.3d 890, 894 (9th Cir.1994) (applying Fed.R.Evid. 801(d)(2)(A)); United States v. Crosby, 75 F.3d 1343, 1346 (9th Cir.1996) (applying Fed.R.Evid. 403). A district court's ruling on the relevance of evidence is reviewed for an abuse of discretion, see United States v. Vaanderling, 50 F.3d 696, 704 (9th Cir.1995), as is the determination that testimony is not too remote to have probative value, see Hill v. Rolleri, 615 F.2d 886, 891 (9th Cir.1980).
 
 
 5
 Under Fed.R.Evid. 801(d)(2)(A), a statement is not hearsay if it "is offered against a party and is ... the party's own statement." See Fed.R.Evid. 801(d)(2)(A). Evidence is relevant under the Federal Rules if it tends to make the existence of a fact at issue more probable or less probable than it would be without the evidence. See Fed.R.Evid. 401.
 
 
 6
 Here, the district court admitted Baker's statement to the ATF agent after holding an evidentiary hearing. First, this evidence was admissible under Fed.R.Evid. 801(d)(2)(A) as an admission by a party-opponent. See Warren, 25 F.3d at 895. Next, Baker's statement was clearly relevant to the offenses charged, and to his defense at trial, as it tended to make the fact of his ownership of the shotgun more probable than not. See Fed.R.Evid. 401.
 
 
 7
 Under these circumstances, the district court did not abuse its discretion when it determined that Baker's statement was not too remote to have probative value with regard to the charged offenses. See Crosby, 75 F.3d at 1346; Hill, 615 F.2d at 891; cf. Warren, 25 F.3d at 895 (holding that a defendant's own admissions are admissible "for whatever inferences" may reasonably be drawn) (citation omitted); United States v. Pheaster, 544 F.2d 353, 377 n. 14 (9th Cir.1976) (noting that possibility of unreliable inferences drawn from a statement of present intent to perform a future act affects the weight, not the relevancy, of the evidence).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3