UNITED STATES of America,
Plaintiff-Appellee,

v.

Leslie B. RIGGINS, Defendant-Appellant.

No. 76-1741.

United States Court of Appeals,
Ninth Circuit.

July 26, 1976.

Keith L. Kessler (argued), Seattle, Wash., for defendant-appellant.

J. Ronald Sim (argued), Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

## OPINION

Before BROWNING and KENNEDY, Circuit Judges, and LUCAS,* District Judge.

PER CURIAM:

Appellant Leslie Riggins was convicted of violations of 18 U.S.C. §§ 2 and 2314, for causing a series of forged Traveler's Express money orders to be transported in interstate commerce. The principal witness for the government was Barbara Shibuya, a former girlfriend of Riggins, who testified that she had cashed the money orders, which were all payable to her, at his direction. Riggins' defense was that Shibuya had "framed" him. Riggins testified that Shibuya had shown him a number of money orders in the glove compartment of her car, and had invited him to participate in a scheme to cash them. Riggins admitted handling some of the money orders at that time, but denied he had a part in cashing them. In support of the defense, counsel for Riggins elicited the admission from Shibuya on cross-examination that she had previously made false accusations of crime against Riggins. Over objection, the government was permitted to introduce a money order made out to William White bearing Riggins' fingerprint, which was not among the money orders charged in the indictment. Riggins now contends that admission of the uncharged money order was an improper use of evidence of "other crimes" under Federal Rule of Evidence 404(b).

Appellant relies primarily upon *United States v. Broadway*, 477 F.2d 991 (5th Cir. 1973). The Fifth Circuit reversed a conviction under section 2314 because of the admission of two uncharged money orders which, according to expert testimony, had been endorsed by the defendant. The basis for the decision was that the government's proof failed to establish who had caused the challenged money orders to be transported in interstate commerce. Without a showing that Broadway had cashed or otherwise caused the money orders to be put into commerce, the court said, there was no demonstration of sufficient similarity between the charged and uncharged offenses to justify admission of the uncharged money orders as evidence of unlawful intent. The court held that "when proof of an assertedly similar offense is tendered to establish necessary intent, the other offense proved must include the essential physical elements of the offense charged. . . ." 477 F.2d at 995 (footnote omitted). We believe the *Broadway* test is overly restrictive.

A trial court is called upon to exercise its discretion in determining whether proffered evidence of other crimes or misconduct has probative value sufficient to outweigh its potential for prejudice to the defendant. Federal Rule of Evidence 404(b), Advisory Committee Note; *see* Federal Rule of Evidence 403. The Rule embodies an " 'inclusionary' rule which admits all evidence of other crimes relevant to an issue in a trial, except that which tends to prove *only* criminal disposition." 2 Weinstein's Federal Evidence ¶ 404[08] (1975) (emphasis added). The other crimes disclosed by the proffered evidence must be "similar," to the offense charged *if* similarity of the crimes is the basis for the relevance of the evidence. But relevance is the essential criterion. Relevant evidence is not to be excluded because it fails to meet a similarity requirement. *Cf. United States v. Jones*, 425 F.2d 1048, 1051–52 (9th Cir. 1970).

The charged and uncharged money orders were stolen in the same burglary, filled in with an identical check protector,

---

* Honorable Malcolm M. Lucas, United States District Judge, Central District of California, sitting by designation.

684

and cashed in the same locale at approximately the same time. The uncharged check, as we have said, was made out to William White rather than to Shibuya, as were the charged checks. Shibuya denied knowing White. Riggins also denied knowing White, but the government introduced evidence to the contrary, including Riggins' admission to an FBI agent that he did in fact know a William White. The jury could infer from this evidence that Riggins' defense that Shibuya was the moving figure in the scheme and had "framed" Riggins was untrue, and that in fact Riggins arranged to pass the checks through both Shibuya (as Shibuya testified) and White.

Since the uncharged check made out to White was clearly relevant in rebutting Riggins' defense, it was admissible even though it disclosed another offense that did not "include the essential elements" of a violation of section 2314. The only question is whether the trial court abused its discretion in determining that the probative value of the evidence outweighed its potential prejudicial effect. We cannot say that the trial court abused its discretion in concluding that it did.

Affirmed.