**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald WINN, Defendant-Appellant.**

**No. 84–5140.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 1985.

Decided May 7, 1985.

Amended July 26, 1985.

528

Patrick K. O'Toole, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

John S. Moot, Federal Public Defender, San Diego, Cal., for defendant-appellant.

Before BROWNING and ALARCON, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

A jury found Winn (appellant) guilty of aiding and abetting the transportation of illegal aliens, in violation of 18 U.S.C. § 371, 8 U.S.C. § 1324, 8 U.S.C. § 1324(a)(2), and 18 U.S.C. § 2. Appellant appeals his conviction. He contends that the district court erred in admitting his prior conviction, and he also contends that the admission of hearsay testimony violated his rights to due process and compulsory process. We affirm.

*Facts*

On February 6, 1984, border patrol agents arrested appellant, who was a passenger in a car driven by co-defendant Baker. The agents found four illegal aliens in the trunk. Agents took statements of alienage and the manner of entry from two of the aliens, Santos and Murillo, but the agents chose not to prosecute appellant, and they returned the two aliens to Mexico.

Two days later, agents discovered fourteen illegal aliens in the back of a U–Haul truck driven by co-defendant Baker near the San Clemente border checkpoint. The rental agreement for the truck was in appellant's name.

Shortly thereafter, agents arrested appellant for smuggling aliens. When arrested, he was driving another U–Haul truck two and one-half miles north of the San Clemente checkpoint. No one else was in the truck. When appellant was arrested,

he told the agents "I can get out of this the way I did last time. I can afford the best attorneys. I made $150,000 last year smuggling aliens."

The government charged appellant with conspiracy to transport illegal aliens and with four counts of transporting illegal aliens. The counts included the transportation of Santos and Murillo, the two aliens who the government sent back to Mexico.

At the trial, the district court admitted the February 6 statements taken from Murillo and Santos and also admitted appellant's prior conviction for aiding and abetting the illegal entry of aliens on January 9, 1984. Appellant contends that the district court abused its discretion when it admitted that evidence and when it admitted Murillo's and Santos's hearsay statements, which he asserts violated his constitutional rights.

*Discussion*

The district court's decision to admit evidence is reviewed for abuse of discretion. *United States v. Burreson*, 643 F.2d 1344, 1349 (9th Cir.), *cert. denied*, 454 U.S. 847, 102 S.Ct. 165, 70 L.Ed.2d 135 (1981).

A. *The Prior Conviction*

Appellant entered a plea of guilty to the charge that he transported illegal aliens on January 9, 1984. The prosecutor offered this prior conviction to show knowledge or intent.

Rule 404(b) of the Federal Rules of Evidence provides that evidence of other crimes may be admissible on issues other than the defendant's character. The government must show that the evidence is relevant to an issue in the case and that the evidence is more probative than prejudicial to the defendant. *United States v. Hernandez-Miranda*, 601 F.2d 1104, 1108 (9th Cir.1979).

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

Appellant's prior conviction is relevant because it shows that appellant had knowledge of the smuggling operation in which he was involved.

The balancing test which weighs probative value against prejudicial effect is committed to the sound discretion of the trial court. *United States v. Bailleaux*, 685 F.2d 1105, 1110 (9th Cir.1982). In view of the relevance of appellant's prior conviction to the present charge and the court's limiting instruction to the jury, the district court did not abuse its discretion when it admitted appellant's prior conviction.

### B. *The Hearsay Statements*

■ On February 6, 1984, after appellant's arrest, Murillo and Santos told border patrol agents that they were Mexican citizens and that they illegally entered the United States on February 4, 1984. Agents recorded this information in immigration documents called "I–213's." The agents chose not to prosecute appellant; they therefore released the two aliens and returned them to Mexico. When agents again arrested appellant two days later, the witnesses were gone.

The trial court admitted the I–213's in evidence over defense counsel's objection that the government made no effort to produce the witnesses and had not established their unavailability.

Under Rule 804 of the Federal Rules of Evidence, hearsay is admissible if the declarant is unavailable and the statement is against interest, or the statement concerns the declarant's personal or family history, or the statement has certain guarantees of trustworthiness.

A witness is not "unavailable" unless the prosecutor makes a good faith effort to obtain the witness's presence. *Ohio v. Roberts*, 448 U.S. 56, 74, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980). But, "[t]he law does not require the doing of a futile act," and the extent of the efforts the prosecutor must make is a question of reasonableness. *Id.*

The government had no addresses or any other information that would help locate Murillo and Santos. Under the circumstances, it was reasonable for the government to make no effort to find the two aliens. We hold that the government established unavailability.

■ If unavailability is established, the hearsay statements may be admissible under Rule 804 of the Federal Rules of Evidence. Appellant, however, contends that admission of the hearsay statements violates his Sixth Amendment right of confrontation.

Hearsay statements do not violate the confrontation clause if the government shows 1) that the witness is unavailable and 2) that the statement is reliable. *Ohio v. Roberts, supra,* 448 U.S. at 65, 100 S.Ct. at 2538; *United States v. Ordonez,* 737 F.2d 793, 802 (9th Cir.1984).

In *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), the Supreme Court listed four factors which may indicate that a statement is unreliable if: 1) the statement contains an assertion of past fact; 2) the declarant did not have personal knowledge of the facts asserted; 3) there is a possibility of faulty recollection, and 4) the circumstances suggest that the declarant misrepresented defendant's role. *Id.* at 88–89, 91 S.Ct. at 219–220.

Appellant contends that the statements are unreliable because they contain scanty information and because Murillo and Santos may have lied about their alienage and manner of entry. A border patrol agent testified that illegal aliens sometimes lie and that persons who are legally in the United States sometimes represent themselves as illegal aliens to avoid prosecution for smuggling.

None of the four factors indicating unreliability are applicable to this case. When four brown-skinned males who speak no English are found locked in the trunk of a car at the San Clemente checkpoint without any immigration documents, it is highly unlikely that they are legally in the United States and that they are posing as illegal.

aliens to avoid prosecution for illegally smuggling other aliens. The circumstances in which they were found strongly indicate that they are illegal aliens and that their statements acknowledging that they are illegal aliens are true. The district court properly concluded that these statements do not violate appellant's rights under the confrontation clause.

Appellant also contends that the hearsay statements violated his rights to due process and compulsory process. To establish this contention, appellant must show that the testimony would have been both material and favorable to his defense and that he was prejudiced by the loss of the witnesses. *United States v. Valenzuela-Bernal,* 458 U.S. 858, 867–68, 102 S.Ct. 3440, 3446–47, 73 L.Ed.2d 1193 (1982). Appellant contends that Murillo and Santos could have corroborated his explanation that on February 6 Baker merely gave appellant a ride because his car broke down. This is a highly unlikely alibi for a person who when arrested boasted about the large amount of money he made smuggling aliens and his ability to beat the charge.

We hold that the admission of the hearsay statements did not violate appellant's rights to due process and compulsory process, and even if erroneous, it was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *United States v. Medina-Gasca,* 739 F.2d 1451, 1454 (9th Cir.1984).

AFFIRMED.