786 F.2d 1167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
BOB GOLDEN, Defendant-Appellant.
 85-3146
 United States Court of Appeals, Sixth Circuit.
 2/25/86
 
 N.D.Ohio
 AFFIRMED
 On Appeal from The United States District Court for the Northern District of Ohio
 BEFORE: KEITH and GUY, Circuit Judges and TAYLOR*, District Judge.
 PER CURIAM:
 
 
 1
 Appellant, Bob Golden, appeals his jury conviction on willfully making and subscribing false federal individual income tax returns for the years 1975, 1976 and 1977 in violation of 26 U.S.C. Sec. 7206(1). We affirm.
 
 
 2
 During 1973 through 1978, appellant was employed as a driver-salesman for the Fame Beverage Company in Canton, Ohio. Previously in 1972, he worked as a real estate salesman. At Fame, he received weekly payroll checks and yearly W-2 forms reporting the amount of wages earned each year. For the years 1972 through 1974, appellant filed proper tax returns reporting his real estate receipts and expenses and his wages from Fame Beverage, with appropriate W-2 forms attached. After 1974, he told his tax preparer that he was going to join a tax protest group and stop filing returns. In early 1975, however, appellant began submitting W-4 forms claiming a substantially large number of allowances to nearly eliminate his withholding. Then, in September 1977, he submitted a new W-4 form signed 'Rev. Bob Golden' in which he claimed total exemption from withholding. Attached to appellant's 'exempt' W-4 form was a statement which set out reasons for repudiating income tax liability including: 1) federal reserve notes are not money; 2) loopholes for the rich and special privileged deny him equal protection of the law, and 3) the 16th Amendment to the Constitution was not legally ratified because Ohio was not legally a state, therefore, rendering the federal income tax laws unconstitutional and void.
 
 
 3
 In April 1976, he filed two virtually identical 1975 income tax forms, which were rejected by the Internal Revenue Service as not constituting valid returns because they did not contain sufficient information to calculate a tax liability and because the 'jurat' had been lined through. These protest returns also contained objections to the income tax laws. After pleading guilty to one count of filing false W-4's, appellant filed the false tax returns charged in the instant case. In those returns, he reported only a small fraction of his wages. Although appellant later reported the correct amount of wages, they were not accepted as valid returns because appellant whited out the words 'under penalty of perjury' from the jurat.
 
 
 4
 Appellant was represented by both Terry Gilbert, at arraignment, and Scott McLarty later as co-counsel. After McLarty entered his appearance and sought a continuance, appellant was also indicted in Tampa, Florida for conspiracy to defraud the United States. That indictment charged, in part, that appellant and others advocated the filing of false claims, income tax returns and withholding certificates. Assistant United States Attorney, John M. Siegel, then learned in early September that the grand jury in Florida had considered evidence of McLarty's possible involvement with appellant's activities there. Siegel had voted to name McLarty as a co-conspirator on the appellant's indictment and was considering a possible separate indictment of McLarty in the near future. The United States Attorney's Office immediately notified the trial court of these facts by in camera letter dated September 12, 1984, seeking the court's guidance to resolve McLarty's apparent conflict of interest. The court issued an order continuing the case and sealing the letter stating that a continuance was necessary to prevent a miscarriage of justice.
 
 
 5
 Following the order continuing the trial, appellant moved the district court to dismiss the indictment for lack of speedy trial or in the alternative to disclose the reasons for the continuance. Appellant also requested a hearing. On October 26, 1974, McLarty was indicted by the Tampa Grand Jury on two counts of tampering with grand jury witnesses and one count of obstruction of due administration of justice. The charges involved the organization allegedly at the center of the Florida conspiracy charge against appellant. On November 16, 1984, the United States filed a motion to determine if McLarty had a conflict of interest in representing appellant. At a hearing that day, Judge Dowd ordered that a copy of the in camera letter be turned over to the defense. Following the diclosure of the letter, defense counsel proposed a delay in the Cleveland trial until after the Tampa matter was resolved which the trial court rejected. The conflict of interest hearing was continued until December 4, 1984, at which time the trial court found that appellant voluntarily waived conflict-free counsel following a detailed court inquiry.
 
 
 6
 On appeal, appellant raises three issues: 1) whether the district court erred in admitting evidence of appellant's prior acts and conviction; 2) whether the evidence was sufficient to establish the appellant's willfulness in filing the false tax returns charged in the indictment; 3) whether government counsel's in camera letter advising the trial court of an apparent conflict of interest by defense counsel, and the continuance granted by the court on its own motion in reliance on that letter, deprived the appellant of his right to counsel or to a speedy trial.
 
 I. PRIOR ACTS AND CONVICTION
 
 7
 Appellant argues that the district court erred in admitting evidence of appellant's prior acts and conviction. We disagree. Evidence of prior failure to file tax returns has been admitted in several cases. See, e.g., United States v. Thompson, 513 F.2d 577, 579 (8th Cir. 1975); United States v. Johnson, 386 F.2d 630, 631 (3d Cir. 1967). Rule 404(b) of the Federal Rules of Evidence provides in part that evidence of other acts may be admissible to prove 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident'. Furthermore, criminal convictions, as well as the underlying illegal acts, have also been admissible under Rule 404(b), where provative of knowledge and intent. See United States v. Longoria, 624 F.2d 66, 68-69 (9th Cir.), cert. denied, 449 U.S. 858 (1980); United States v. Frederickson, 601 F.2d 1358, 1364-65 (7th Cir.), cert. dnied, 444 U.S. 934 (1979). There was no abuse of discretion in the court's admission of evidence regarding appellant's income tax findings or conviction.
 
 
 8
 II. WILLFULLNESS IN PREPARING FALSE TAX RETURNS
 
 
 9
 Appellant next argues that the government's evidence was insufficient to prove the element of willfulness on each charge. We again disagree. The standard of review is whether there was substantial and competent evidence to support the verdict, considering the totality of evidence in light most favorable to the government, drawing all reasonable inferences consistent with the verdict. United States v. Green, 548 F.2d 1261, 1266 (6th Cir. 1977). In the instant case, there is abundant evidence of appellant's willfulness in preparing false tax returns. Prior to 1975, appellant filed proper returns reporting tax liabilities and seeking and obtaining refunds of excess withholding, which demonstrated his understanding of the fundamental legal requirement that all wages must be reported as gross income. Starting in 1975, however, appellant began submitting a series of false withholding certificates, in which he first inflated his number of allowances and then declared himself totally exempt from withholding. When appellant did not heed a 1976 Internal Revenue Service warning letter to file proper returns, he was charged criminally in 1978. Despite the clear statements of his gross income in the criminal information, appellant responded by filing false returns reporting only a fraction of his true wages. Thus, we find that the evidence admitted at trial clearly indicates that appellant acted willfully in filing false returns.
 
 III. GOVERNMENT COUNSEL'S IN CAMERA LETTER
 
 10
 Appellant finally contends that the government's submission of an in camera letter to the trial judge, alerted the court to an apparent conflict of interest by defense counsel, constituted illegal and improper behavior which denied appellant his right to counsel and right to a speedy trial. Since the record demonstrates that appellant's allegations are totally baseless, we must disagree. The in camera letter was a proper means of advising the court of the conflict without compromising grand jury secrecy. Here, the result of the letter was a relatively short and appropriate continuance of the trial, which enabled the court to delay a conflict of interest hearing so as not to jeoparidze the secrecy of the Florida grand jury investigation. Thus, Judge Dowd was correct, when he stated 'that the ends of justice served by continuing the trial of this case outweigh the best interest of the public and the defendant in a speedy trial because a failure to grant such a continuance would be likely to result in a miscarriage of justice.' That continuance appropriately delayed a conflict hearing until after the grand jury investigation of McLarty became public less than two months later through his indictment. At the hearing, appellant voluntarily chose to waive any conflict and to be represented by attorney McLarty, who fully participated in pretrial proceedings and the trial itself along with appointed co-counsel Gilbert. Consequently, government counsel acted properly and appellant was not deprived of any constitutional rights.
 
 IV. CONCLUSION
 
 11
 The remainder of appellant's contentions, not expressly addressed in this Per Curiam, have been duly considered. They have been found devoid of merit, frivolous, or of insufficient consequence to justify a full discussion since it would not affect our decision. Accordingly, the jury conviction is affirmed.
 
 
 
 *
 Honorable Anna Diggs-Taylor, District Judge, U.S. District Court for the Eastern District of Michigan, sitting by designation