960 F.2d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eduardo MENDOZA-VASQUEZ, Defendant-Appellant.
 No. 91-50468.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1992.
Decided April 21, 1992.
 
 Before PREGERSON, D.W. NELSON and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eduardo Mendoza-Vasquez ("Mendoza") appeals his jury conviction pursuant to 8 U.S.C. § 1324(a)(1)(B) for transportation of illegal aliens. Mendoza claims the district court erred by admitting hearsay evidence in violation of the confrontation clause of the Sixth Amendment. He further contends that the court erred in admitting evidence of his earlier conviction for transporting illegal aliens. Finally, Mendoza appeals the district court's failure to grant a mistrial based on improper comments made by the government during closing arguments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reject each of Mendoza's claims in turn. The conviction is affirmed.
 
 BACKGROUND
 
 3
 Mendoza was convicted of transporting illegal aliens in his automobile in the vicinity of San Ysidro, California. On June 25, 1990, Border Patrol Officers stopped the car Mendoza was driving. Mendoza and two undocumented Mexicans, Miguel Gutierrez-Lopez ("Gutierrez") and Sergio Velasco-Bustamante ("Velasco")[1] were taken into custody. While in custody, Gutierrez and Velasco provided statements in response to questioning by the Border Patrol Officers. Gutierrez represented himself as a Mexican citizen who had illegally entered the United States that evening. (ER at 18, 28). Velasco also told the officers that he is a citizen of Mexico, and that he had illegally entered the United States. (ER at 20, 23).
 
 
 4
 Velasco and Gutierrez absconded while on bond and were unavailable to testify at Mendoza's trial. The government sought to introduce the out-of-court statements by Gutierrez and Velasco. Over Mendoza's objections, the court permitted these statements into evidence.
 
 DISCUSSION
 I. The Hearsay Statements
 
 5
 Mendoza argues that by allowing Gutierrez' and Velasco's statements to be introduced in evidence, the court deprived him of a fair trial by violating the confrontation clause of the Sixth Amendment.
 
 
 6
 We review a district court's decision to admit evidence for abuse of discretion. United States v. Winn, 767 F.2d 527 (9th Cir.1985). If an abuse of discretion exists, the resulting prejudice to the defendant is subject to harmless error analysis. United States v. Vargas, 933 F.2d 701, 705 (9th Cir.1991). If the error violates the confrontation clause, "the conviction must be reversed unless this court is persuaded beyond a reasonable doubt that the error was harmless." Id.
 
 
 7
 The confrontation clause does not prohibit the use of out-of-court statements if the declarant is otherwise unavailable and the circumstances in which the statement was made indicate the statement's reliability. United States v. Holland, 880 F.2d 1091, 1094 (9th Cir.1989), citing Bourjaily v. United States, 483 U.S. 171, 182, 107 S.Ct. 2775, 2782, 97 L.Ed.2d 144 (1987).
 
 
 8
 In the present case, Gutierrez and Velasco absconded on bond and were unavailable to testify at Mendoza's trial. The only issue before us, therefore, is whether the statements made by Gutierrez and Velasco were "reliable."
 
 
 9
 The trustworthiness of out-of-court statements is determined by a number of factors. A statement is more likely to be considered reliable if: (1) it is voluntary; (2) it was made contemporaneous with the matters described; (3) it included an admission of illegal or disreputable conduct; (4) it was corroborated; (5) the declarant possessed personal knowledge of the events described; (6) the statement was spontaneous; and (7) the statement was made to one to whom the declarant was likely to be truthful. Holland, 880 F.2d at 1094, citing United States v. Layton, 855 F.2d 1388, 1405 (9th Cir.1988) ("Layton II "), cert. denied, 489 U.S. 1046 (1989).
 
 
 10
 A statement is considered more likely unreliable where: (1) the declarant was in custody at the time; (2) the circumstances suggest the declarant sought to curry favor with law enforcement officials; (3) the statement was erroneous in any significant respect; and (4) the statement amounted to blame-shifting. Id., citing Layton II, 855 F.2d at 1406.
 
 
 11
 Of the factors favoring reliability, the following were before the district court: (1) Gutierrez' and Velasco's statements were made within a day of the matters described; (2) Gutierrez and Velasco admitted to illegally entering the United States, thus subjecting themselves to criminal liability; (3) the statements were from the personal knowledge of Gutierrez and Velasco; and most significantly (4) the statements were corroborated by Mendoza himself. At the time of his apprehension, Mendoza told a Border Patrol Agent that: (1) he knew Gutierrez and Velasco were in the country illegally; (2) he was driving Gutierrez and Velasco to San Diego for a $20.00 fee; and (3) he had stopped his vehicle to pick up more aliens. (RT at 94).
 
 
 12
 Of the factors weighing against reliability, the following were present: (1) Gutierrez and Velasco were in custody when they made their statements; (2) there are inconsistencies within their statements; and (3) the illegal behavior Gutierrez and Velasco admit to may not be sufficiently against interest to indicate reliability. Cf. United States v. Magana-Olvera, 917 F.2d 401, 407 (9th Cir.1990) (examining the question of whether a reasonable person in the defendant's position would have made self-incriminating statements).
 
 
 13
 Upon review of the preceding factors, we believe there is ample evidence in the record to support the district court's findings. We find no abuse of discretion.
 
 II. The Prior Conviction
 
 14
 Mendoza next argues that the district court erred by admitting testimony under Federal Rule of Evidence 404(b) (Rule 404(b)) concerning Mendoza's prior conviction for the transportation of undocumented aliens. At trial, the government sought to introduce evidence of this conviction to prove Mendoza's intent and knowledge. The district court's decision to admit evidence of prior crimes pursuant to Rule 404(b) is reviewed for abuse of discretion. United States v. Conners, 825 F.2d 1384, 1390 (9th Cir.1987).
 
 
 15
 We have previously held that evidence of prior convictions for transporting illegal aliens is admissible to demonstrate knowledge and intent. Winn, 767 F.2d at 530; United States v. Longoria, 624 F.2d 66, 69 (9th Cir.), cert. denied, 449 U.S. 858 (1980); United States v. Holley, 493 F.2d 581, 584 (9th Cir.), cert. denied, 419 U.S. 861 (1974).
 
 
 16
 Even if evidence of a prior crime is admissible under Rule 404(b) its probative value must be weighed against the unfair prejudice it may cause the defendant. Fed.R.Evid. 403. The balancing process is left to the discretion of the district court. United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir.1982).
 
 
 17
 Mendoza argues that his earlier conviction lacks probative value because he conceded knowing that smuggling occurs in San Ysidro. He also argues that this evidence was unduly prejudicial because it tended to go to his character and his propensity to commit the charged offense.
 
 
 18
 Mendoza's argument as to the probative weight of the evidence is meritless. The issue is Mendoza's specific knowledge of Gutierrez' and Velasco's alienage, not Mendoza's general knowledge that smuggling occurs in the area. As to prejudice, the trial judge gave a jury instruction limiting the use of the testimony regarding Mendoza's prior conviction.[2] Any prejudice was limited by the court's instruction.
 
 
 19
 Upon review, we conclude that no abuse of discretion was committed by the district court in admitting evidence of Mendoza's past crime.
 
 III. Mistrial
 
 20
 Finally, Mendoza claims that the district court erred by failing to grant his motion for a mistrial. Specifically, Mendoza argues that a mistrial is mandated because of the highly prejudicial nature of certain statements made by the prosecutor during closing argument. A district court's decision to grant or deny a motion for mistrial is reviewed for abuse of discretion. United States v. Davis, 932 F.2d 752, 761 (9th Cir.1991); United States v. Charmley, 764 F.2d 675, 677 (9th Cir.1985).
 
 
 21
 During the government's closing arguments, the prosecutor improperly suggested to the jury that Mendoza's prior conviction for alien smuggling should be considered in evaluating Mendoza's credibility. This error, however, was subsequently corrected by the prosecutor.[3] The court also gave a cautionary instruction. See supra note 2.
 
 
 22
 We have previously held that cautionary instructions are usually satisfactory to cure the effects of improper comments by the prosecutor. Davis, 932 F.2d at 761, citing Charmley, 764 F.2d at 677. In Charmley, we stated that "[d]eclaring a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error." Charmley, 764 F.2d at 677 (citing United States v. Gann, 732 F.2d 714, 725 (9th Cir.) cert. denied, 469 U.S. 1034 (1984)); Davis, 932 F.2d at 761.
 
 
 23
 After examining the nature of the prosecutor's ill-advised statements and the corrective measures undertaken by the trial judge, we do not believe Mendoza was greatly prejudiced by the prosecutor's comments. We therefore find that the trial court committed no abuse of discretion in denying Mendoza's motion for a mistrial.
 
 CONCLUSION
 
 24
 We have reviewed each of Mendoza's claims, and find them to be without merit. The conviction is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 There is some discrepancy as to this individual's correct name. He is referred to as Sergio Velasco-Bustamante through most of the court records and appellate briefs. He is also referred to as Velazco-Bustamante (Appellee's Excerpt of Record ("ER") at 22) and as Velazquez-Bustamante (Reporter's Transcript ("RT") at 299). Because "Velasco" is the name most commonly used in the record we adopt it for the purpose of this memorandum
 
 
 [2]
 The judge provided the jury with written instructions. Although the record before us does not contain the specific instructions, the court stated on the record: "[The prior conviction] is not to be received on the issue of credibility, but only on the issue of knowledge. So don't consider it for any other purpose. That was one of the limiting instructions I gave you." (RT at 467)
 
 
 [3]
 During rebuttal closing, in referring to the prior conviction, the prosecutor said "[y]ou can only use this evidence ... to show [Mendoza] knew the people in his car were illegal aliens.... That is the only purpose that you can use that evidence for."