**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Celeste Sandra ARNOLD, Jerry Edward Arnold, Jr., and Larry Baker, Defendants–Appellants.**

Nos. 99–50713, 99–50721, 99–50722.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2000.

Decided Feb. 7, 2001.

Before BRIGHT,[1] T.G. NELSON and W. FLETCHER, Circuit Judges.

## MEMORANDUM[2]

We have jurisdiction under 28 U.S.C. § 1291. We affirm.

### A. Admission of Deported Aliens' Hearsay Statements

The witnesses at issue were unavailable within the meaning of Federal Rule of Evidence 804 because they had been deported to Mexico and their whereabouts was unknown.[3] Moreover, the cir-

1. The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

3. *United States v. Winn,* 767 F.2d 527, 530 (9th Cir.1985); *see United States v. Olafson,* 213 F.3d 435, 441 (9th Cir.2000), *cert. denied,* 531 U.S. 914, 121 S.Ct. 269, 148 L.Ed.2d 195 (2000).

cumstances under which these witnesses "were found strongly indicate that they are illegal aliens and that their statements [on the forms] acknowledging that they are illegal aliens are true." [4]

### B. *Deportation of Witnesses*

The defendants have failed to show that the Government acted in bad faith in deporting the witnesses. The defendants' due process and compulsory process claims therefore fail.[5]

### C. *Expert Testimony*

■ Agent Montes' extensive experience and knowledge was more than sufficient to provide a reliable basis for his expert opinions.[6] Moreover, Agent Montes' testimony regarding the *modus operandi* of alien smuggling and opinion regarding the evidence in the present case assisted the jury in understanding the evidence and determining whether the defendants were involved in smuggling aliens.[7] The district court did not abuse its discretion in allowing Agent Montes' testimony as an expert witness.[8]

### D. *Sufficiency of the Evidence* [9]

#### 1. *Jerry Arnold, Jr.*

■ The testimony of Armenta–Palma, viewed in the light most favorable to the prosecution, was more than sufficient to support a finding that Jerry Arnold, Jr. ("J.Arnold") was involved in the conspiracy to transport and harbor illegal aliens. J.

---

4. *Winn*, 767 F.2d at 530–31. The fact that, in the present case, some of the witnesses were found in the passenger compartment of automobiles rather than hidden in a trunk is insufficient to distinguish this case from *Winn* and *Olafson*, as is the fact that there was testimony that illegal aliens sometimes lie and that persons who are legally in the United States sometimes represent themselves as illegal aliens to avoid prosecution for smuggling. *See Olafson*, 213 F.3d at 441; *Winn*, 767 F.2d at 530.

5. *United States v. Dring*, 930 F.2d 687, 693 (9th Cir.1991) ("[T]he defendant must make an initial showing that the Government acted in bad faith *and* that this conduct resulted in prejudice to the defendant's case.").

6. The defendants' heavy reliance on the factors listed in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), is misplaced. As we have recognized, the *Daubert* factors—publication, peer review, potential error rate, etc.—"simply are not applicable to" the kind of testimony presented by Agent Montes. *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir.2000). Rather, the reliability of this type of testimony "depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it." *Id.; see United States v. Cordoba*, 104 F.3d

225, 230 (9th Cir.1997) ("*Daubert* applies only to the admission of scientific testimony. In order to qualify as scientific knowledge, an inference or assertion must be derived from the scientific method. The government expert testified on the basis of specialized knowledge, not scientific knowledge. Thus, *Daubert* is inapplicable." (citation omitted)).

7. *See* Fed.R.Evid. 702.

8. *See United States v. Campos*, 217 F.3d 707, 710 (9th Cir.2000) (reviewing for abuse of discretion the district court's admission of expert testimony).

9. "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense[ ] charged beyond a reasonable doubt." *United States v. Hinton*, 222 F.3d 664, 669 (9th Cir.2000). In reviewing for sufficiency of the evidence, "we are powerless to question a jury's assessment of witnesses' credibility," *see United States v.. Croft*, 124 F.3d 1109, 1125 (9th Cir.1997), and "must presume ... that the trier of fact resolved any ... conflict[ing inferences] in favor of the prosecution." *Wright v. West*, 505 U.S. 277, 296–97, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (plurality opinion).

Arnold's sufficiency of the evidence claim therefore fails.

### 2. *Larry Baker*

■ Once Baker was found guilty of conspiring with Celeste Arnold and Jerry Arnold to transport and harbor illegal aliens (count 7),[10] he became liable for all foreseeable substantive offenses committed by his co-conspirators in furtherance of the conspiracy.[11] There was sufficient evidence to show that the transport of the two illegal aliens on May 2, 1998, on which counts 10 and 11 are based, was not only known to Baker but also that the transport was in furtherance of the conspiracy. Baker's sufficiency of the evidence argument therefore fails.

AFFIRMED.[12]

10. Baker has not raised, and has therefore waived, any claim that there was insufficient evidence on count 7, the conspiracy count.

11. *See Pinkerton v. United States,* 328 U.S. 640, 646–47, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *United States v. Matta–Ballesteros,* 71 F.3d 754, 765 (9th Cir.1995) (holding that because a conspirator is liable for all foreseeable substantive offenses committed in furtherance of a conspiracy, if there is sufficient evidence to support a defendant's conviction

of the underlying conspiracy, there is also sufficient evidence to support his conviction on the substantive charges).

12. The question of whether the defendants' Sixth Amendment rights were violated because the district court judge was not physically present at the courthouse during jury deliberations is addressed in a published opinion filed contemporaneously with this memorandum.