FILED

DEC 21 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10563 |
| Plaintiff-Appellee, | D.C. No. CR- 07-004 -CRB |
| v. | |
| JERONIMO MADRIZ-REYNA, | MEMORANDUM [*] |
| Respondent. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 7, 2009[**]
San Francisco, California

Before:    TASHIMA, GRABER, and BYBEE, Circuit Judges.

Jeronimo Madriz-Reyna ("Madriz") appeals his sentence of 188 months'

imprisonment, imposed following his guilty pleas to four counts of drug-related

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

charges. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

**1.** The district court found, after two proffer sessions, that Madriz's testimony was implausible. Thus, the court further found that Madriz failed to meet the truthfulness requirement of 18 U.S.C. § 3553(f)(5), making him ineligible for safety-valve relief. We conclude that denial of safety-valve relief was proper because the district court's finding that Madriz was untruthful was not clearly erroneous. See United States v. Alba-Flores, 577 F.3d 1104, 1107 (9th Cir. 2009).

**2.** The district court permitted Madriz's co-defendant, Ulises Castellanos-Cisneros ("Castellanos"), to invoke his Fifth Amendment privilege against self-incrimination and not testify at Madriz's sentencing proceeding, although Castellanos had already been sentenced. Madriz contends that the district court erred and violated his Sixth Amendment right to compulsory process. We conclude, however, that any Sixth Amendment error was harmless, see United States v. Winn, 767 F.2d 527, 531 (9th Cir. 1985) (per curiam), because Madriz failed to show that Castellanos could offer any testimony that would have been helpful to Madriz.

The judgment of the district court is **AFFIRMED**.