**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10414 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-02673-DCB-JJM-2 |
| v. | |
| FERNANDO SALDIVAR-GADEA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted July 21, 2011
San Francisco, California

Before: TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior
District Judge.[**]

Fernando Saldivar-Gadea appeals from his jury conviction of one count of

conspiracy to transport illegal aliens and three counts of transporting aliens for

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for Southern District of New York, sitting by designation.

profit. He contends that the district court erred in failing to grant a mistrial or a new trial because the prosecution improperly commented during its opening statement that one of his co-conspirators was a juvenile and that another co-conspirator had previously been convicted of alien smuggling. He also asserts that the trial court erred by allowing the admission of evidence that Saldivar-Gadea had been arrested on suspicion of alien smuggling four years prior to his arrest.

## I.      Prosecutorial Misconduct

An appellant must demonstrate misconduct and prejudice to establish prosecutorial misconduct. *See United States v. Wright*, 625 F.3d 583, 609-610 (9th Cir. 2010). This means that the appellant must show that it is "more probable than not" that the prosecutor's comments "affected the jury's verdict. . . ." *United States v. Nobari*, 574 F.3d 1065, 1082 (9th Cir. 2009). Any potential prejudice caused by the prosecutor's comments and question was mitigated by the overwhelming evidence of Saldivar-Gadea's guilt presented at trial and the district court's curative instruction. *See United States v. Weatherspoon*, 410 F.3d 1142, 1151 (9th Cir. 2005). Thus, the district court did not abuse its discretion when it denied Saldivar-Gadea's motion for a mistrial. *See United States v. Pineda-Doval*, 614 F.3d 1019, 1036 (9th Cir. 2010).

## II.      FRE 404(b) Evidence of Saldivar-Gadea's Prior Arrest

2

Evidence of prior bad acts may be admitted "if it (1) tends to prove a material point; (2) is not too remote in time; (3) is based upon sufficient evidence; and, (4) in some cases, is similar to the offense charged. . . ." *United States v. Banks*, 514 F.3d 959, 976 (9th Cir. 2008) (citation and internal quotation marks omitted).

The Government was required to prove that Saldivar-Gadea knowingly or recklessly transported the illegal aliens into the country for profit. *See* 8 U.S.C. § 1324(a)(1)(A)(ii). The evidence regarding the previous arrest for suspicion of alien smuggling tended to show knowledge of how to smuggle aliens into the country. *See United States v. Lozano*, 623 F.3d 1055, 1059 (9th Cir. 2010) (per curiam).

Admission of a prior act that occurred four years prior to the charged crime was not an abuse of discretion. *See United States v. Estrada*, 453 F.3d 1208, 1213 (9th Cir. 2006) ("Courts have allowed Rule 404(b) evidence to be admitted where ten years or longer periods of time have passed" between the prior act and the instant offense.) (citations omitted).

The district court acted within its discretion when it found that the probative value of the evidence of the prior arrest was not substantially outweighed by its potential prejudicial effect. *See United States v. Winn*, 767 F.2d 527, 530 (9th Cir.

1985) (per curiam), *as amended*. Because the district court properly exercised its discretion in making the challenged rulings, the denial of Saldivar-Gadea's motion for a new trial was not an abuse of discretion. *See S.E.C. v. Todd*, 642 F.3d 1207, 1225 (9th Cir. 2011) (reviewing denial of motion for a new trial for abuse of discretion).

**AFFIRMED.**