**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 10-50554 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00410-JAH-1 |
| v. | |
| **CESAR MASCORRO**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted January 10, 2012
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **REINHARDT** and **W. FLETCHER**,
Circuit Judges.

**1.** Mascorro's own admission of his prior bad act provides sufficient proof under Huddleston v. United States, 485 U.S. 681, 690 (1988), for admission of the prior bad act into evidence. Admitting the evidence didn't violate Federal Rule of Evidence 404(b) because the prior bad act indicated both Mascorro's knowledge

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

that his passengers were in the United States unlawfully and his purpose to help them remain.  See United States v. Longoria, 624 F.2d 66, 69 (9th Cir. 1980).  The district court didn't abuse its discretion in finding that the prejudicial effect of admitting the prior bad act didn't substantially outweigh its probative value.  See United States v. Ramirez-Jiminez, 967 F.2d 1321, 1327 (9th Cir. 1992).

**2.**  The grand jury instructions Mascorro challenges are indistinguishable from those we've previously held not to be constitutionally defective.  See United States v. Caruto, 663 F.3d 394, 398–99 (9th Cir. 2011); United States v. Cortez-Rivera, 454 F.3d 1038, 1040–41 (9th Cir. 2006); United States v. Navarro-Vargas, 408 F.3d 1184, 1187 (9th Cir. 2005) (en banc).

**AFFIRMED.**