958 F.2d 369
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric J. BROWN, Defendant-Appellant.
 No. 90-5738.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1991.
Decided Feb. 12, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, District Judge. (CR-90-27-NN)
 Argued: Michael Morchower, Morchower, Luxton & Whaley, Richmond, Virginia, for Appellant. Robert E. Bradenham, II, Assistant United States Attorney, Norfolk, Virginia, for appellee.
 On Brief: Lauren A. Adler, Morchower, Luxton & Whaley, Richmond, Virginia, for appellant. Henry E. Hudson, United States Attorney, J. Matt Szymanski, Third Year Law Student, Norfolk, Virginia, for appellee.
 
 
 1
 E.D.Va.
 
 
 2
 AFFIRMED.
 
 
 3
 Before PHILLIPS, Circuit Judge, STAKER, United States District Judge for the Southern District of West Virginia, sitting by designation, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 OPINION
 PER CURIAM:
 
 4
 The defendant-appellant Eric J. Brown was indicted on June 11, 1990, on two counts of distribution of cocaine. 21 U.S.C.A. § 841(a)(1) & (b) (West 1981 & Supp.1991). The second count of the indictment also included a claim for forfeiture of a 1977 Cadillac because of its use by Brown in the distribution of cocaine. 21 U.S.C.A. § 853 (West Supp.1991). These charges were based upon two purchases made in January and February respectively by an undercover agent from a Gerrard Cooper. After Cooper agreed to plead guilty to a separate indictment, he told law enforcement officers that Brown had supplied him with the cocaine involved in those sales. Cooper reiterated these allegations when he testified at Brown's trial.
 
 
 5
 Thereafter, on June 14, Detective Charles Firth of the Hampton, Virginia Police Department, who was then assigned to a Drug Enforcement Agency task force, obtained a warrant from a Virginia state magistrate to search Brown's then current residence located at 710 Burgess Avenue, in Hampton, Virginia. That residence was a different one than Brown's residence at the time of the sale of cocaine in January and February. The warrant authorized police officers to search the residence for "Ledgers, paper, books, records" related to the offense of "Distribution of Cocaine."*
 
 
 6
 The warrant was executed on June 15. During the search, one of the police officers found 535 grams of cocaine wrapped in a t-shirt in the vegetable crisper of a refrigerator. A handgun was also found in a zippered pouch in a nightstand in one of the bedrooms. Subsequently a superseding indictment was returned charging Brown, in addition to the two counts of distribution of cocaine charged in the original indictment, with possession of cocaine (that discovered in the search) with intent to distribute, 21 U.S.C.A. § 841(a)(1) & (b) (Count Three), and possession of a firearm by a convicted felon, 18 U.S.C.A. §§ 922(g)(1) & 924 (West 1976 & Supp.1991) (Count Four).
 
 
 7
 Prior to trial Brown moved to suppress the evidence which was seized in the June 15th search and led to the filing of those Counts Three and Four. He contended that the search warrant was invalid because it was not based upon probable cause. Brown asserted three arguments as to why Detective Firth's affidavit did not establish probable cause: (1) the information set out therein was insufficient to show that he (Brown) was involved in any criminal activity; (2) the information came from an informant--Cooper--whose reliability was not established in the affidavit; and (3) the information was stale. He also argued that the warrant was invalid because it did not describe the items to be searched for and seized with the particularity required by the Fourth Amendment. He also took the position that the government could not avoid suppression of this evidence by asserting "good-faith" reliance, United States v. Leon, 468 U.S. 897 (1984), on the warrant. Alternatively, Brown contended that the evidence should be suppressed because the search as conducted exceeded the scope authorized by the warrant.
 
 
 8
 A hearing was held at which Detective Firth testified as to the circumstances surrounding the issuance of the warrant. The district court overruled the suppression motion, ruling that the affidavit was sufficient to support a finding of probable cause and that the Leon good-faith exception applied.
 
 
 9
 At Brown's trial Gerrard Cooper testified concerning Brown's supplying the cocaine involved in the January and February transactions charged in Counts One and Two. Other witnesses' testimony circumstantially corroborated Cooper. The police officers who conducted the search of Brown's residence testified as to the discovery and seizure of the cocaine and the handgun upon which Counts Three and Four were based. A jury subsequently found Brown guilty of the two counts of distribution of cocaine as charged in Counts One and Two of the original and the later superseding indictment and of Count Three, in the superseding indictment, charging him with possession of cocaine with intent to distribute (the cocaine which Brown had sought to suppress). The jury also found Brown's automobile to be forfeited. Count Four of the indictment--possession of the firearm--was dismissed by the court. The court sentenced Brown to serve a term of imprisonment of 140 months on each of the three counts, the terms to run concurrently; to pay a fine of $1,000 for each of the counts; and to serve a period of supervised release totalling five years.
 
 
 10
 Brown now appeals his convictions contending that the district court committed several fundamental errors. He asserts that the district court erred by not granting his motion to suppress the cocaine seized during the June 15th search of his residence. His second basis for appeal is that there was not sufficient evidence presented at trial to convict him of any of the three counts on which he was found guilty. Finally, he argues that the trial court erred by not granting his motion for a mistrial because of prejudicial comments on the evidence made by the presiding judge at the close of instructions.
 
 I. Motion to Suppress
 
 11
 Brown asserts here essentially the same arguments that he raised before the district court as to why the cocaine seized in the June 15th search should have been suppressed. These are: (1) that the warrant was not supported by probable cause; (2) that it did not particularly describe the items to be seized; (3) that the search exceeded the authorized scope; and (4) that the good-faith exception to exclusion did not apply. We will discuss each issue in turn.
 
 A. Probable Cause
 
 12
 The Fourth Amendment to the United States Constitution provides:
 
 
 13
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
 
 
 14
 Probable cause to support issuance of a search warrant is simply a showing of a "probability or substantial chance of criminal activity ...", Illinois v. Gates, 462 U.S. 213, 243 n. 13 (1983), and the likelihood "that contraband or evidence [of that criminal activity] is located in a particular place." Id., 462 U.S. at 230. It is a practical, common-sense question that is to be resolved by determining those probabilities based upon the totality-of-the-circumstances presented in each individual case. Id., 462 U.S. at 230-32.
 
 
 15
 In this appeal Brown devotes considerable effort arguing that the affidavit supporting the warrant did not establish probable cause because there was no showing that the information set out in it was reliable. He contends that the statements about his involvement in drug transactions came from information supplied by Gerrard Cooper, who was a drug dealer. Brown argues that a magistrate could not reasonably rely on this information to find that he (Brown) was probably involved in criminal activity since there was nothing in the affidavit to establish that Cooper was a reliable source of information.
 
 
 16
 An issuing magistrate making a probable cause determination should not separate issues such as an informant's reliability or the staleness of information into distinct categories and require that each category be independently satisfied. Gates, supra; United States v. Pace, 898 F.2d 1218, 1232 (7th Cir.1990), cert. denied sub nom. Cialoni v. United States, --- U.S. ----, 110 S.Ct. 3286 (1990), and Savides v. United States, --- U.S. ----, 111 S.Ct. 210 (1990). Instead, as the phrase "totality-of-the-circumstances" implies, the whole of the affidavit, rather than its constituent parts, is to be considered in making a probable cause determination. The same applies to a court reviewing the magistrate's finding. Id.
 
 
 17
 This court has recently ruled that the reliability of an informant's information used in a warrant affidavit may be inferred from the circumstances in which he or she furnishes the information. United States v. Miller, 925 F.2d 695 (4th Cir.1991). The informant may be relied on in finding probable cause even if the affidavit is devoid of stated reasons why the police believe him or her to be reliable. Id. In Miller the informant's past reliability was unknown and there was no corroboration of her information to establish reliability. We held that because the informant was supplying the information in the hope of receiving a lenient sentence, that motivation to give truthful information was, by itself, sufficient indicia of reliability that a magistrate could rely on it in finding probable cause. Id. at 699. That is exactly the same situation in the case before us. Gerrard Cooper had been indicted and had pled guilty to charges of distribution of cocaine which involved the same incidents as were alleged against Brown in the original indictment. We find that Brown's lack-of-reliability challenge to the affidavit is not well taken.
 
 
 18
 Brown's additional assertions as to the affidavit's insufficiency are intertwined. He contends that together they show that the information in the affidavit did not provide probable cause to believe that there was a likelihood that the evidence being sought--books, records, ledgers, etc.--would be found at the place to be searched, his new residence at 710 Burgess Avenue. First of all, the alleged incidents took place in January and February, 1990, while the warrant was not sought until June. He contends that there was nothing in the affidavit to indicate that Brown was involved with drug transactions on an ongoing basis, particularly after the February incident, some four months earlier. He also asserts that there was nothing therein to indicate that he had been involved in any drug transactions while he had resided at 710 Burgess Avenue, therefore the information in the affidavit was stale and would not support a finding of probable cause to search that residence. Brown's other argument is that the affidavit did not contain any information, beyond the bald conclusions of Detective Firth, that Brown ever kept any records of drug transactions or that he had them at 710 Burgess Avenue. Consequently, he argues, the issuing magistrate could not reasonably conclude that the items being sought were likely to be at that place.
 
 
 19
 The government's response is that under Gates a finding of probable cause is to be based on the "totality-of-the-circumstances" and the common-sense inferences which a magistrate may draw from them. Furthermore, it points out that Gates requires courts reviewing the issuance of a warrant to give "great deference" to the issuing magistrate's finding of probable cause.
 
 
 20
 It is true that a reviewing court must give " 'great deference' to the magistrate's assessment of the facts presented to him." United States v. Blackwood, 913 F.2d 139, 142 (4th Cir.1990) (citation omitted). We are to consider only that information which was presented to the magistrate and to determine whether or not it provided him with "a substantial basis for concluding that probable cause existed." Id. Such review is neither pro forma nor toothless however. We review de novo the magistrate's finding as a matter of law that probable cause existed when, as here, the facts are undisputed. United States v. Miller, 925 F.2d at 698.
 
 
 21
 "[T]ime is a crucial element of probable cause. A valid search warrant may issue only upon allegations of 'facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.' " United States v. McCall, 740 F.2d 1331, 1335-36 (4th Cir.1984) (citation omitted). "Although probable cause may exist at one point to believe that evidence will be found in a given place, the passage of time may (without additional newer facts confirming the location of the evidence sought) render the original information insufficient to establish probable cause at a later time." United States v. Freeman, 685 F.2d 942, 951 (5th Cir.1982) (emphasis added). However,
 
 
 22
 "[t]he vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts supplied and the issuance of the affidavit." ... Rather, we must look to all the facts and circumstances of the case, including the nature of the unlawful activity alleged, the length of the activity, and the nature of the property to be seized.
 
 
 23
 McCall, 740 F.2d at 1336 (citation omitted); accord United States v. Haimowitz, 706 F.2d 1549, 1554-55 (11th Cir.1983), cert. denied, 464 U.S. 1069 (1984); Freeman, 685 F.2d at 951. Various courts have found that information that was five months old, United States v. Reyes, 798 F.2d 380 (10th Cir.1986); McCall, supra, or seven months old, Freeman, supra, was not out-of-date and stale to support a finding of probable cause. However, in those cases there was information in the affidavit concerning considerable police investigation of the defendant and the fact that his alleged criminal activity had been on-going for an extended period of time. In this case the affidavit contained statements concerning only two transactions, although of substantial amounts, some four months earlier and nothing further. "When ... the criminal activity in the warrant is not on-going in nature, nor the evidence sought intrinsically likely to remain [at its original location], indicia external to the evidence itself should demonstrate that probable cause has not lapsed." McCall, 740 F.2d at 1337 (citation omitted). We do not have such external indicia here.
 
 
 24
 The other component of the probable cause issue here is Detective Firth's conclusory statement that drug dealers usually maintain records and usually keep them at their residences. Magistrates, in making probable cause determinations, may rely upon an experienced police officer's conclusions as to the likelihood that evidence exists and where it is located. United States v. Jenkins, 901 F.2d 1075, 1080-81 (11th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 259 (1990); United States v. Fannin, 817 F.2d 1379 (9th Cir.1987); United States v. Reyes, 798 F.2d at 382; United States v. Foster, 711 F.2d 871, 878 (9th Cir.1982), cert. denied, 465 U.S. 1103 (1984); see United States v. Anderson, 851 F.2d 727, 729 (4th Cir.1988), cert. denied, 488 U.S. 1031 (1989). However, in each of these cases the police submitted affidavits detailing extensive investigations and the facts which led them to conclude that the evidence being sought existed and to conclude that it was likely to be found at the place to be searched. Furthermore, the criminal activity in each case was shown to be of extended duration and was still on-going at the time the affidavit was submitted. Compare those cases with United States v. Brown, 671 F.Supp. 1205 (S.D.Ind.1986), aff'd, 832 F.2d 991 (7th Cir.1987), cert. denied, 485 U.S. 908 (1988), and United States v. Vastola, 670 F.Supp. 1244, 1270-74 (D.N.J.1987), in which the courts reviewing the validity of search warrants held that a magistrate could not rely on an officer's conclusions when there were no facts to support them.
 
 
 25
 In the case before us, Detective Firth in his affidavit recites two sales of cocaine involving Brown in January and February. From this he apparently concludes that Brown is involved in on-going criminal activity. He then concludes that Brown must keep records of his activities and that Brown probably keeps them at his residence, wherever that might be. There is not a scintilla of information to support any of these conclusions. While a magistrate may make reasonable inferences from the facts presented in an affidavit, see Reyes, 798 F.2d at 382; McCall, 740 F.2d at 1337, "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." Illinois v. Gates, 462 U.S. at 239; accord Giordenello v. United States, 357 U.S. 480 (1958); Nathanson v. United States, 290 U.S. 33 (1933).
 
 
 26
 What we have before us is the "bare bones" sort of affidavit which has consistently been deplored by the Supreme Court. E.g., United States v. Leon, 468 U.S. 897, 926 (1984); Gates, 462 U.S. at 239. There were not sufficient facts provided in the affidavit to support the necessary conclusions. In such a situation the totality-of-the-circumstances test does not even come into play. See Leon, supra; Gates, supra. We find that the district court erred in finding that the affidavit herein was sufficient to establish probable cause to search Brown's residence.
 
 B. Particularity of the Warrant
 
 27
 Brown also contends that the description in the warrant of the items to be seized--"Ledgers, paper, books, records" (see Appendix)--was too vague to meet the Fourth Amendment's requirement of particularity. The government defends the warrant by stating that the description used was that which is usually employed in drug cases.
 
 
 28
 This court, as well as other circuits, has upheld warrants which have used generic terms such as those used in the warrant under consideration. E.g., United States v. Peagler, 847 F.2d 756, 757 (11th Cir.1988) (per curiam); Shilling, 826 F.2d 1365 (4th Cir.1987) (per curiam), cert. denied, 484 U.S. 1043 (1988); see United States v. Fawole, 785 F.2d 1141, 1144 (4th Cir.1986). We find that the warrant in this case sufficiently described the items to be seized and met the Fourth Amendment's particularity requirement.
 
 C. Leon Good-Faith Exception to Suppression
 
 29
 Having found the search warrant to be invalid because it was not based upon probable cause, we must now determine whether the good-faith exception to the suppression of improperly seized evidence applies. United States v. Leon, 468 U.S. 897 (1984). The district court found that it did. We review de novo such a finding. United States v. Hove, 848 F.2d 137, 139 (9th Cir.1988); see United States v. Edwards, 798 F.2d 686 (4th Cir.1986).
 
 
 30
 In Leon, the Supreme Court held that suppression of evidence seized pursuant to an invalid search warrant is not appropriate if the police were acting in objectively reasonable good-faith reliance that the warrant as issued by the judge or magistrate was valid. 468 U.S. at 920-22. In such a situation there is no wrongful conduct by the police to deter and the cost to society of excluding the use of the evidence would outweigh the benefits of ensuring technically precise warrants. Id., 468 U.S. at 905-17. However, the good-faith reliance must be objectively reasonable, i.e., would "a reasonably well-trained officer ... have known that the search was illegal despite the magistrate's authorization." 468 U.S. at 922 n. 23.
 
 
 31
 The Supreme Court in Leon also stated that when judges can disagree as to whether or not an affidavit is sufficient to establish probable cause a police "officer's reliance on the magistrate's determination of probable cause was objectively reasonable, and application of the extreme sanction of exclusion is inappropriate." 468 U.S. at 926; accord United States v. Corral-Corral, 899 F.2d 927, 939 (10th Cir.1990). Although we have found Detective Firth's affidavit to be "bare bones" and insufficient to establish probable cause, two other judicial officers have held to the contrary. In such a situation the police officers reliance on the warrant was reasonable and suppression would be inappropriate. Leon, supra.
 
 D. Scope of the Search
 
 32
 Finally Brown contends that the cocaine found at his residence should have been suppressed because the search as conducted exceeded the scope authorized by the search warrant. He bases this argument on the fact that the cocaine was found in a drawer of a refrigerator. It is his position that because the search warrant authorized the police to search for books, paper ledgers, etc., it was unreasonable, and thus beyond the scope of the warrant, to look for such items in a refrigerator.
 
 
 33
 Brown's argument is not well-taken. A warrant to search a home for evidence authorizes the police to search anywhere in that home where the evidence might be found. United States v. Ross, 456 U.S. 798, 820-21 (1982). The search of the refrigerator and its containers was within the scope of the warrant.
 
 II. Trial Errors
 
 34
 Mr. Brown's claims of error regarding his trial need not detain us long. He asserts that the evidence was insufficient to convict him on Counts One and Two of the original and superseding indictment--distribution of cocaine--because the only evidence presented at trial linking him with the January and February sales of cocaine was the testimony of Gerrard Cooper. Brown insists that such uncorroborated testimony is too insubstantial to support a conviction. However, uncorroborated testimony of an accomplice may be sufficient to support a conviction if such testimony is not incredible or insubstantial on its face. United States v. Manbeck, 744 F.2d 360, 392 (4th Cir.1984), cert. denied sub nom. O'Hare v. United States, 469 U.S. 1217 (1985); United States v. Sigal, 572 F.2d 1320, 1324 (9th Cir.1978). Viewing the evidence in this case in the light most favorable to the government, e.g., United States v. Samad, 754 F.2d 1091, 1096 (4th Cir.1984), we find the testimony of Mr. Cooper sufficient to support the verdict returned by the jury.
 
 
 35
 Brown argues that the evidence was insufficient to convict him of possession with intent to distribute--Count Three--because there was no showing that he had possession of the cocaine found in the refrigerator. However, "[a]ctual possession of the drug is not required; constructive possession ... occurs when the defendant 'exercises, or has the power to exercise, dominion and control over the item....' " Samad, 754 F.2d at 1096 (citations omitted). The fact that the defendant has dominion or control of the premises where the drugs are found will support a finding that he has constructive possession of the drugs, United States v. Brett, 872 F.2d 1365, 1369 (8th Cir.1989), cert. denied, 493 U.S. 932 (1989); see United States v. Davis, 562 F.2d 681, 684-85 (D.C.Cir.1977), particularly if the drugs are in an area the defendant would frequently use. Davis, supra. The evidence was sufficient to establish that Brown had dominion over the residence at 710 Burgess Avenue. A jury could reasonably infer from the location and quantity of the cocaine which was found that he knew of its presence and had at least constructive possession if it. The conviction on Count Three is valid.
 
 
 36
 Brown also asserts that the district court committed error by not granting his motion for a mistrial. He requested a mistrial based upon certain comments on the evidence the court made to the jury at the end of instructions and later in attempting to clarify the earlier comments. These comments concerned whether or not the jury could consider Gerrard Cooper to be Brown's accomplice and the effect of Cooper's testimony if they did so. Although we might not consider the trial judge's comments a model of clarity, we do not find them to be so harmful as to require reversal of the convictions. United States v. Tello, 707 F.2d 85 (4th Cir.1983).
 
 
 37
 For the above reasons we affirm Brown's conviction on Counts One, Two and Three of the superseding indictment and the forfeiture of the automobile under Count Two.
 
 AFFIRMED
 APPENDIX
 AFFIDAVIT FOR SEARCH WARRANT
 
 38
 The undersigned Applicant states under oath:
 
 
 39
 1. A search is requested in relation to an offense substantially described as follows:
 
 
 40
 Distribution of Cocaine; Violation of Virginia State Code
 
 
 41
 2. The place, person, or thing to be searched is described as follows:
 
 710 Burgess Avenue, Hampton, Virginia
 
 42
 3. The thing or persons to be searched for are described as follows:
 
 Ledgers, paper, books, records
 
 43
 4. The material facts constituting probable cause that the search should be made are:
 
 
 44
 On Jan 8, 1990 an undercover officer purchased 4 ounces of cocaine from Gerrard Cooper for $4,400 in United States Currency. On Feb. 15, 1990 the undercover officer again purchased cocaine from Gerrard Cooper, this purchase was 1/2 kilogram of cocaine with a purchase price of $13,500 in U.S. currency. Both of the purchases occoured in the city of Hampton, Virginia. Conversation between the undercover officer and Gerrard Cooper indicated that Eric Brown was Cooper;s supplier. Gerrard Cooper was unable to sell cocaine to the undercover officer until Eric Brown arrived at or near the location of transaction, both Brown and Cooper would meet and then Cooper was able to sell the cocaine to the undercover officer.
 
 
 45
 5. The object, thing or person searched for constitutes evidence of the commission of such offense.
 
 
 46
 (xx)I have personal knowledge of the facts set forth in this affidavit OR
 
 
 47
 ( )I was advised of the facts set forth in this affidavit, in whole or in
 
 
 48
 part, by an informer. This informer's credibility or the reliability of the
 
 
 49
 information may be determined from the following facts:
 
 
 50
 The statements above are true and accurate to the best of my knowledge and
 
 
 51
 belief.
 
 
 52
 Detective /s/ C.E. Firth
--------------------------- ---------------------------
(Title of Applicant if any) (Applicant)
 
 
 53
 Subscribed and sworn to before me this day.
 
 
 54
 6"14"90 6:05 P.M. / s/ Timothy A. Chandler Sr.
--------------------------- ---------------------------
 Date and Time Clerk Magistrate Judge
 
 
 55
 4. The material facts constituting probable cause that the search should be made are:
 
 
 56
 as continued from page one.
 
 
 57
 This affiant learned through investigation that on Feb 15, 1990, after the under over purchase of 1/2 kilogram of cocaine, that Gerrard Cooper delivered $13,500 in U.S. Currency to Eric Brown at his residence located at 9104 Terrell Lane, Hampton, Virginia, and that Gerrard Cooper received payment from Eric Brown for setting up the transaction. During March 1990, Gerrard Cooper was indicted by a Federal Grand Jury for three counts of Distribution of cocaine. Cooper has entered a plea of guilty to two counts of distribution of cocaine.
 
 
 58
 This affiant has been a police officer with the City of Hampton for approximately twenty years, during that time I have attended several drugs schools. It has been learned through schools and on the job experience that drug dealers often keep records of drug transactions due to the volume of sales, there for this search is requested in an effort to locate records of these and other transactions.
 
 
 59
 It has also been learned that Eric Brown has since moved from 9104 Terrell Lane into a dwelling located at 710 Burgess Avenue, Hampton, Virginia.
 
 
 60
 On 11 June 1990, Eric Brown was indicted by a Federal Grand Jury for two counts of distribution of cocaine. Eric Brown's Hampton Police record indicates that Brown has been charged with approximately 44 charges since 1983 which include traffic and violent felonies.
 
 
 61
 The statements above are true and accurate to the best of my knowledge and belief.
 
 
 62
 Detective /s/ C.E. Firth
------------------ --------------
title of applicant (Applicant)
 Subscribed and sworn to before me this day.
----------------------------------------------------------
6"14"90 6:05 P.M. / s/ Timothy A. Chandler Sr.
----------------- ---------------------------
 Date and Time Clerk Magistrate Judge
 
 SEARCH WARRANT
 
 63
 (X)To any policeman of a county, city or town: Hampton, Virginia
 
 
 64
 ( )To ___________________________________________________________
 
 
 65
 You are hereby commanded in the name of the Commonwealth to forthwith search either in day or night
 
 710 Burgess Avenue, Hampton, Virginia
 
 66
 for the following property, objects and/or persons: Ledgers, paper, books, records
 
 
 67
 You are further commanded to seize said property, persons, and/or objects if they be found and to produce before the General District, Criminal division an inventory of all property, persons, and/or objects seized.
 
 
 68
 This search warrant is issued in relation to an offense substantially described as follows:
 
 Distribution of Cocaine
 
 69
 I, the undersigned, have found probable cause to believe that the property or person constitutes evidence of the crime identified herein or tends to show that the person(s) named or described herein has committed or is committing a crime, and further that the search should be made, based on the statements in the attached affidavit sworn to by
 
 
 70
 /s/ Det. C.E. Firth
 ------------------------
 (Name of Affiant)
6"14"90 6:00 P.M.
-----------------
 Date and Time Timothy A. Chandler, Sr.
 ------------------------
 Clerk x Magistrate Judge
 
 
 
 *
 The substantive portions of the warrant and Detective Firth's affidavit for issuance of the warrant are set out in full in the appendix to this opinion